THE PEOPLE v. JOHN ALLEN.

*Waiver of irregularity by pleading not guilty.*

Pleading to a complaint presented in justice's court waives the irregularity of omitting to issue a subpœna before serving the warrant.

Exceptions before judgment from Allegan.    (Arnold, J.) June 19.—June 22.

Complaint for drunkenness.   Respondent was convicted below.   Affirmed.

*Padgham & Padgham* for respondent appellant.

Attorney General *Jacob J. Van Riper* for the People.

SHERWOOD, J.   The respondent was convicted before a magistrate, under the liquor law of 1881, of the offense of " being drunk in a public street " in the village of Allegan.

From this conviction he took a general appeal to the circuit court, where his case was retried; a conviction was again obtained, and from this judgment he brings error, and the proceedings at the circuit are now before us for review.

When respondent appeared before the magistrate he pleaded not guilty to the complaint, and the case was adjourned for trial. On the adjourned day he appeared with counsel, and "moved to set aside his plea," that he might make a motion to dismiss. The motion was denied by the magistrate.

On the trial at the circuit the complaint, warrant, bond on appeal, and return were offered in evidence by the respondent, and thereupon his counsel moved the court to dismiss the case for want of jurisdiction, because no subpœna was issued for respondent before the service of the warrant upon him. The court denied the motion, and error is assigned upon this ruling.

We think the ruling was correct. The irregularity complained of, and upon which the exception is founded in this case, was waived by respondent when he appeared before the magistrate and made his plea. *Crane v. Hardy* 1 Mich. 56; *Falkner v. Beers* 2 Doug. (Mich.) 117; *Tower v. Lamb* 6 Mich. 362; *People v. Clark* 33 Mich. 113; *Stewart v. Hill* 1 Mich. 265; *Lewis v. Brackenridge* 1 Blackf. 112, 115; *Pierce v. Rehfuss* 35 Mich. 53.

The judgment must be affirmed.

The other Justices concurred.