THE STATE OF KANSAS v. BERNARD TUCHMAN.

1. INTOXICATING LIQUORS — *Illegal Sales — Prosecution — Waiver of Defects.* Where a criminal warrant is issued upon an information charging the defendant with the unlawful sale of intoxicating liquor, and the defendant, without at first making any objection to the sufficiency of the warrant or the sufficiency of the verification of the information, files a sworn petition for a removal of the cause to the circuit court of the United States for the district of Kansas, in which verified petition he seeks to justify his illegal sales as those of original packages, made by him as resident agent for non-resident proprietors, he waives any supposed defects or irregularities in the issuance of the warrant, and cannot for that reason afterward have the warrant quashed or set aside on his motion. (The case of *The State v. Longton,* 35 Kas. 375, cited and followed.)

2. ERRORS OF LAW — *Waiver.* Errors of law occurring at the trial must be assigned for cause in a motion for a new trial, and if this is not done this court will not pass upon them.

*Appeal from Shawnee District Court.*

PROSECUTION for the illegal sale of intoxicating liquor. From a judgment of conviction the defendant, *Tuchman,* appeals. The opinion states the facts.

*David Overmyer,* for appellant.

*John N. Ives,* attorney general, and *R. B. Welch,* county attorney, for The State.

Opinion by Simpson, C.: The defendant was charged by information with the illegal sale of intoxicating liquor. The information contained 10 counts, and at the April term, 1891, he was convicted on the first and second counts, sentenced to confinement in the county jail for 30 days on each count, and to pay a fine of $350 on each count, and to pay the costs of prosecution. From this judgment of conviction he appeals. Many errors are assigned, and we will notice the principal ones.

I. The first serious question occurs on the motion to quash the warrant. This motion is based upon these contentions: First, that the information is verified by the county attorney on information and belief only; second, that the sworn statements of the witnesses taken by the county attorney under ¶ 2543, General Statutes of 1889, were not filed "together" with this information; third, assuming that the sworn statements and information were filed "together," there is no oath or affirmation of any person that the defendant "had no permit to sell," and this is a necessary element of the offense and an indispensable allegation. The information is so verified, but the county attorney states in his verification that "this information is based upon the affidavits filed herewith." The precise facts disclosed by the record as to the filing of the sworn statements are as follows: The county attorney produced before the court certain documents in writing, in the nature of records of the examination of witnesses by said county attorney, and the county attorney informed the court orally, (and his statement is accepted as true by the defendant,) that these documents, so far as they refer to the defendant, were the oaths intended to support the information. Said documents were filed on the same date as the information. At the time said documents were filed the county attorney took them into the office of the clerk of the district court, and, after swearing to the information and belief, he said to the clerk, "I file these affidavits with the information." He then, within a few minutes, filed other informations, against

other persons, saying to the clerk, "I file each of these affidavits [being the identical documents above referred to] with each of these informations" [referring to the above-described affidavits], and said clerk entered each of said affidavits on the appearance docket of said court in each of said causes as filed therein. The first of these affidavits contains the evidence of one Mitchell, accusing the defendant's father of making two illegal sales of intoxicating liquor. The second is the affidavit of one Barnes, who accuses one Hayslip of illegal sales. These affidavits are indorsed *"The State v. Benjamin Tuchman, The State v. Al. Hayslip."* The third is the affidavit of G. W. Long, who charges Bernstine Bros. with two sales and this defendant with one sale. This is indorsed, *"The State v. Bernstine, The State v. Benj. Tuchman, The State v. Sicher."* Some 10 or 11 affidavits were filed, showing violations of the law by this defendant, by Bernstine, Hayslip, Rahrer, and others, all certified to by the county attorney as being taken in pursuance of the statute authorizing these proceedings. These statements were indorsed as above described and filed with the clerk. We do not understand that it is claimed that they were inclosed in the same envelope or cover that contained the information, nor were they numbered corresponding with the number of the criminal case upon the appearance docket. The language of the statute is, that "such statement must be filed together with the complaint or *information.*"

From this state of facts it is contended, that there was no proper filing of the statements, and hence that the information is unsupported by an oath or affirmation. It is said also, in support of the motion to quash the information, that, assuming the sworn statements were filed together with the information, still, as they did not charge that the defendant had no permit, but were entirely silent on that subject, that a material allegation was not supported by oath. The court is of opinion, however, that as the defendant, before filing his motion to quash the warrant, filed a petition to remove the cause to the circuit court of the United States for the district of Kansas,

which petition was verified by the oath of the defendant, and in which he states—

"That it is the equal civil right of all persons within the jurisdiction of the United States to sell, barter, and give away, in any state of these United States, intoxicating liquor in the original package in which the same shall have been imported into any such state from another state, and was so at the date of said alleged acts in the information charged; that said equal civil right is secured by law, to wit, the constitution of the United States, the supreme law of the land. And your petitioner avows upon his oath that he has not at any time sold, bartered or given away intoxicating liquor at said county and state except in the original packages, as aforesaid, in which the same was imported into the state of Kansas from the state of Missouri, and then only as the agent in Kansas for parties resident and doing business in the state of Missouri. And he alleges that he has a clear right to do this, which right was and is guaranteed to him by the constitution of the United States as aforesaid; that said right is denied him by the law of said state of Kansas, and he cannot enforce said right, and the same is denied to him in the judicial tribunals of the state of Kansas; that the supreme court of said state of Kansas has upheld and sustained said statute of Kansas, wherein by its terms it denies to petitioner his said right so secured to him by the constitution of the United States; that this court, to wit, the district court of Shawnee county, is bound by the said decision of the supreme court of Kansas, and thus your petitioner is denied and cannot enforce in the judicial tribunals of the state of Kansas his said right.

"Wherefore he prays that this cause be removed for trial into the next circuit court of the United States for the district of Kansas, to wit, at the June, 1891, term thereof, at Leavenworth, Kansas, and he demands that upon the filing of this, his petition, all further proceedings in this cause in this honorable court shall cease."

That his motion to quash the warrant was not in time, however strong the reasons for sustaining said motion may be.

In the case of *The State v. Blackman*, 32 Kas. 615, this court says:

"An information or complaint under the prohibitory liquor law, verified in accordance with § 12 of such law, (now ¶ 2543, Gen. Stat. of 1889,) is, so far as the verification is concerned,

sufficient for every purpose except merely for the purpose of issuing a warrant for the arrest of the defendant. Such an information thus verified may properly be filed by the county attorney; a trial may be properly had thereon; a conviction may properly follow the trial; and the defendant may properly be sentenced upon such conviction. Of course, before a warrant is issued for the arrest of the defendant, an oath or affirmation within the meaning of § 15 of the bill of rights should be made, showing probable cause to believe the defendant guilty; but if no such oath or affirmation is made or filed, but nevertheless the defendant without objection pleads to the merits of the action and goes to trial, he waives all irregularities in the verification of the information, and cannot afterward be heard to question the regularity or validity of any proceeding in the case, if he urges no other objection than that such verification is insufficient."

In the two cases of *The State v. Bjorkland* and *The State v. Iseman*, 34 Kas. 377, motions were made to set aside the warrants on the ground that they were improvidently issued, but this court says:

"At the time these motions were made the warrants had spent their force. So to speak, each warrant was *functus officio*. Before the filing of these motions, each of the appellants had entered into a recognizance to personally be and appear before the district court to answer the charges contained in the information filed against him, and had also waived arraignment and pleaded not guilty to the said charges. Thereby each of the appellants submitted to the jurisdiction of the court, and answered the information on file against him. It is true that subsequently the court permitted the appellants to withdraw their pleas of not guilty, and thereafter motions were made to quash the warrants and discharge the appellants; but these motions were too late, because, when made, the parties were no longer held upon the warrants."

In the case of *The State v. Longton*, 35 Kas. 375, one feature of the same question that we are discussing was presented. The information was verified by the county attorney on information and belief, and by the positive affidavit of another person, filed with the information, of all the material allegations, except that the defendant made the unlawful sales com-

plained of "without first taking out and having a permit therefor." On the day of the arrest the defendant entered into a recognizance for his appearance at court to answer the charge. When the case was called for trial, the defendant filed a motion to set aside and quash the warrant for the reason above stated. The defendant was then arraigned but refused to plead, and the plea "Not guilty" was entered for him. At the trial he was found guilty on one count of the information, and not guilty as to the other. On this state of facts this court says, in reviewing the case on appeal:

"We think when the defendant entered into a recognizance for his appearance at court, without making any objection to the sufficiency of the warrant, or the sufficiency of the information, or the sufficiency of the verification thereof, he waived the supposed defects in the verification of the information and the irregularity in issuing the warrant without a sufficient verification."

The only respect in which the case we are considering differs from that of *The State v. Longton* is, that in this a petition for removal was filed before the motion attacking the warrant was made, and in the reported case a recognizance was given before a similar motion was filed. It would seem, however, that a petition for removal sworn to by the appellant, in which he recites acts that, beyond all question, show him to have been guilty of the offenses with which he is charged in the information, is a much stronger and more conclusive waiver of the supposed defects in the verification of the information than entering into a recognizance for his appearance at court. The statements of guilt made in the petition for removal, being under oath, are abundantly sufficient of themselves to support a warrant. They not only show probable cause, but for such purposes are as conclusive of guilt as a formal plea of guilty on an arraignment. It must be held that his voluntary appearance, and his filing of a petition for removal, and the statements of his guilt contained in that petition, verified by himself, cure any supposed defect in the issuance of the warrant, and that after these things had oc-

curred it was too late to raise the question of the sufficiency of the warrant by a motion to quash. This view disposes of all contention about the filing of the statements of witnesses, or about the verification of the information, and renders it unnecessary to consider the constitutionality of those sections of the law that authorize the county attorney to subpœna witnesses and take their testimony.

II. Another important question is discussed under the showing in the record. This cause was submitted to the court for trial on an agreed statement of facts, which reads as follows:

"Comes now the plaintiff by R. B. Welch, county attorney of Shawnee county, and the defendant, Bernard Tuchman, in person and by David Overmyer, his attorney, and in open court waive a jury in said cause, and agree that this cause be tried and determined upon the following agreed statement of facts, to wit:

"1. Said defendant was the proprietor of the place kept in the basement of the building No. 525, and situated on lot No. 169, Kansas avenue, in the city of Topeka, in said county and state, during the month of October, 1890.

"2. As such proprietor he sold intoxicating liquors in the original packages in which they were shipped to him as agent of the Anheuser-Busch Brewing Association, of St. Louis, Mo., a corporation, as charged in the first and second counts in the information filed herein.

"3. Said defendant sold said original packages as charged in the first and second counts of this information as the agent of said non-resident importer of the same, and in no other way, and said non-resident importer was at all times the owner of the intoxicating liquors kept in said place, and so as aforesaid sold, until they were sold as alleged herein by this defendant, as agent, and said liquors were sold in the original packages in which the same were imported into the state, and not otherwise.

"4. Neither the defendant nor his principal held a druggist's or other permit to sell intoxicating liquors from the probate judge of Shawnee county, and was not engaged in the drug business; but said defendant had paid his government license tax to the United States."

This agreed statement of facts was read to the court by the county attorney, who then moved that the court find the de-

fendant guilty thereon, as charged in the first and second counts in the information; and then the appellant moved the court to require the county attorney to elect. upon what sales of liquor he will ask a conviction upon the first and second counts of the information. This motion was overruled by the court, and the defendant saved proper exceptions. But if this ruling of the court is an error, it is one that occurred at the trial, and the trial court must be asked to review it on the motion for a new trial. Turning to the motion for a new trial, as contained in this record, we find that the only two causes assigned in the motion are, that the findings of the court are not sustained by sufficient evidence and are contrary to the evidence, and that the findings of the court are contrary to law. This being the condition of the record, we are not authorized to pass upon the question so ably discussed, because it is familiar law that such questions must be raised by a motion for a new trial.

It follows that we must recommend that the judgment of conviction be affirmed.

By the Court: It is so ordered.

All the Justices concurring.

*Per Curiam:* The case of THE STATE OF KANSAS v. CARL JOCKHECK is similar in all respects to the case of *The State v. Tuchman,* just decided, every question raised and discussed in the one being involved in the other. In fact, it is agreed in the briefs and on the argument that the decision in one is to stand for both.

For the reasons given in the Tuchman case, the judgment of conviction in this case will be affirmed.