THE PEOPLE v. EPHRAIM G. KENYON.

*Criminal law—Warrant—Failure of officer to sign return—Evidence—Assault—Bar.*

1. The jurisdiction of a justice of the peace to try a respondent who is brought before him by an officer by virtue of a lawful warrant is not affected by the failure of the officer to sign his return, it appearing that the respondent pleaded not guilty to the charge contained in the warrant, and made no motion to dismiss on account of the defective return until the adjourned day, nearly a week after his arraignment.

2. The quarrelsome disposition of the complaining witness in a prosecution for assault and battery is as much in issue as is that of the respondent, and it is error to permit a full cross-examination of the latter on that subject, and refuse it as to the former.

3. Where in a prosecution for assault and battery the only eye-witnesses were the respondent and his wife, the complaining witness and his son, and a fifth party who saw a portion of the affray, such party is an important witness, and should be produced by the people, and the court has power to compel the prosecuting attorney to call such party.[1]

4. It is not competent, in a prosecution for assault and battery, to show on the cross-examination of the respondent what difficulties he has been engaged in with other persons than the complaining witness, to the end that the jury may infer that he is guilty of the offense charged.

5. A judgment in a civil suit for assault and battery, in favor of the respondent in a criminal prosecution, for the same trespass, is not a bar to such prosecution.

[1]See *People v. Deitz*, 86 Mich. 419.

Exceptions before judgment from Kent. (Adsit, J.) Submitted on briefs June 29, 1892. Decided July 28, 1892.

Respondent was convicted of assault and battery. Conviction set aside, and new trial granted. The facts are stated in the opinion.

*Stace & Quinsey*, for respondent.

*A. A. Ellis*, Attorney General, and *Simon La Grou,* Assistant Prosecuting Attorney, for the people.

MORSE, C. J. Kenyon was convicted of assault and .battery upon one Mathias Miller, in the Kent circuit court, upon appeal from justice's court. He comes to this Court. upon exceptions before sentence.

It was insisted in the justice's court, as well as in the circuit, that the justice had no jurisdiction, because no return of the warrant was ever made in the justice's court. It appears that a warrant was issued upon a proper complaint, and that it was served by a deputy-sheriff, and the respondent arrested and brought before the justice by virtue of it. The return appears upon the warrant in proper form, but is not signed by any one. The objection was made before the justice that he had no jurisdiction because this return was not signed, and overruled by him. It would have been competent then and there for the deputy-sheriff to have signed the return, but he did not do so. This omission could not affect the jurisdiction of the justice. It appears from his return, and also from his docket, that the respondent was brought before him by a deputy-sheriff upon a lawful warrant, duly issued, and thereupon arraigned before him. The omission to sign the return upon the warrant could in no way affect the rights of the respondent, or oust the justice of jurisdiction, when it clearly appears, and is not denied, that he was arrested and brought before the justice by an officer by

virtue of a lawful warrant, and, further, that he pleaded not guilty to the accusation contained in such warrant, and made no motion to dismiss the° cause on account of the defective return until the adjourned day, nearly a week after his arraignment.

The assault grew out of a visit of Miller to the home of respondent to present him a petition to lay out a drain. The petition was not read to respondent or by him. He ordered Miller off his premises, and the affray occurred while Miller was leaving respondent's place, but upon his land. The petition was produced by Miller while on the stand as a witness, and handed to the prosecuting attorney. The witness gave no testimony as to the contents of the petition, except that it was for the opening of a drain. He also testified, on cross-examination, that he presented the same petition to the township drain commissioner, and that he afterwards filed another petition. He was then asked by defendant's counsel if the commissioner did not refuse to act upon the first petition. This question was ruled out. Defendant's counsel also asked for the production of the petition, for the purpose of cross-examination. This request was denied. There was no error in these rulings. The contents of the petition were not material. What was done with the petition afterwards had no relevancy to the issue.

The court was in error, however, in permitting the people to show afterwards by Miller why he abandoned the first petition, and drew up and circulated another, which was acted upon. The respondent was entitled to the same latitude as the people in this respect. If Miller's and the commissioner's actions were material, then the inquiry was open to the defense equally with the prosecution.

A similar error was committed by the court in another respect. Upon the cross-examination of Miller, the respondent's counsel inquired of him as to his quarrelsome disposition, and as to how many other fights he had been

engaged in while a resident of this State. The witness said he would want time—a couple of days—to state them all:

"*Q*. Are they so numerous that you cannot think of them?

"*A*. Oh, yes; I remember the whole of them, looking back.

"*Q*. Tell us the whole of them."

Under an objection of the prosecuting attorney, the circuit judge said: "This is going too far; there is a limit to all things; we must cut this thing short,"—and ruled the question out. Upon the cross-examination of the respondent, the prosecutor was permitted not only to go into his quarrels with other persons for years, but also into all the litigation in which he had been engaged for many years. It was claimed by the defense that Miller was the aggressor, and it was shown that defendant had sued and recovered judgment against him for damages on account of assault and battery growing out of this same transaction, which judgment Miller had paid without appeal. If the quarrelsome disposition of one was in issue, so equally was that of the other. The fact that Miller was the complaining witness—the one who claimed that an assault had been committed upon him—gave him no advantage in this respect over the respondent. They were on the same level as witnesses.

The people rested their case without calling one Marie Gould as a witness. She was sworn as a witness for the prosecution in justice's court, and it is claimed saw part of the affray. The defendant moved that the prosecuting attorney be requested to call Mrs. Gould. The circuit judge declined to do so, upon the ground that he had no power to compel the people to call her. If she saw any portion of the trouble, she should have been sworn as a witness by the prosecution, and the court had power to

compel them to do so. The witnesses to the affray, outside of Mrs. Gould, were simply Miller and his son and the respondent and his wife. Mrs. Gould was therefore an important witness, and one to be produced by the people. *Thomas v. People,* 39 Mich. 309, and cases cited.

The cross-examination of the respondent was unreasonable, and carried too far. It could not legitimately affect the issue, and could only tend improperly to prejudice the jury against respondent, to inquire how many lawsuits he had had with his neighbors. Whether he had had only one or a hundred lawsuits during his life-time could have no legitimate bearing upon whether he was guilty of assault and battery in the case then before the court. He was also asked: "Do you know James Minnessy?" He replied that he had been acquainted with him for 25 or 30 years. He was then asked: "How many times have you had trouble with him?" Upon objection being made, the prosecuting attorney said: "I want to show that this man quarreled with everybody." This remark was objected to, but the court overruled the objection to the question. I do not think this kind of examination is permissible. It was not material what difficulties the respondent had been engaged in with other persons, and it was not competent to show that he had quarreled with others so that the jury might infer that he was guilty in this case. This was the avowed object of the inquiry, and should not have been permitted. Large latitude is given on cross-examination to test the credibility of the witness, and his character and history are open to inquiry for this purpose; but the object of all these questions in relation to the lawsuits he had had with others, and the quarrels of his life-time, was to show that he was a quarrelsome man, and, because this was his character, he would be more likely, as the court said in his charge, to engage in the quarrel, and become the aggressor, than the other man. The use made of these

inquiries and their object were illegitimate, and should not have been permitted.

The judgment in the civil suit for damages in favor of respondent against Miller was not a bar to the prosecution of respondent. Both may have been guilty of assault and battery in the transaction, and liable to criminal prosecution. The fact of such judgment being obtained, and that Miller paid it, had some bearing upon his testimony in this case, and was given its due weight by the court in his instructions to the jury.

The record shows as follows:

"The prosecuting attorney claimed that the docket was written at two different times, with different colored inks, and exhibited it to the jury; whereupon counsel for defendant pointed out to the jury the different shades of ink on the docket as being at times of the several adjournments of the case, whereupon the court ruled, decided, and said: 'That is not right for you to argue that it naturally created two different shades of ink in that matter; it is for the jury to determine whether it does or not, if it is of any importance whatever;' to which ruling, decision, and remark counsel for the defendant excepted."

Defendant's counsel was entitled to meet the claim of the prosecutor, and to argue to the jury as he did.

Complaint is made of the language used by the prosecuting attorney and the court to the prejudice of the respondent, but, as the case must go back for a new trial, it is unnecessary to examine the assignments of error in this respect.

The charge of the court was fair and correct, except as hereinbefore pointed out, as to the use of the testimony of respondent's troubles with other people. It is complained that the court stated to the jury that—

"Counsel for respondent have announced that they do not rely upon a justification for the act, but deny that the respondent did either assault or beat the complaining witness, Miller, on the occasion complained of. This is their defense."

This remark of the court was not challenged at the time it was made, nor was an exception taken to it at the close of the charge, although another exception was made at that time. It is too late to complain of it now. If counsel had not announced as stated by the court, it was their duty then and there to set the circuit judge right. As the statement went unchallenged, and there is no denial in the record that the statement was made, we must presume that the court was right in his understanding of the counsel's defense.

The verdict of guilty must be set aside, and a new trial granted.

· McGRATH and LONG, JJ., concurred with MORSE, C. J. GRANT and MONTGOMERY, JJ., concurred in the result.