### No. 11,079.

### THE STATE OF LOUISIANA VS. WILLIAM SPENCER.

1. On the trial of this case, defendant, charged with perjury for having in a cause wherein he was accused of wounding one Cora Hall, falsely sworn as a witness on his own behalf that she had on the 18th of March, 1892, at a certain house on Rampart street in New Orleans told officer Cenance that he (the witness) had cut her accidentally and that she did not wish to have him punished, asked one of the witnesses whom he had called in his defence whether Cora Hall had not at witness' house on the 29th of March, 1892, told her that accused had cut her accidentally. The State objected to this question, assigning as reasons that as defensive evidence proper, it was irrelevant to the particular issue involved in the case and that as impeaching testimony it was inadmissible, Cora Hall not having been a witness in the case and no foundation having been laid for such testimony. The judge sustained both objections. The ruling on both points was correct.

2. An accused can not claim as a right that he should be permitted to introduce witnesses to rebut testimony which the State had been permitted to offer·

State vs. Spencer.

(after both parties had closed their case) in rebuttal of one of defendant's witnesses. It is a matter resting greatly in the discretion of the trial judge.

3. Where the State had under such circumstances placed a particular witness for the first time on the stand, the accused has the right then to impeach him, bu the trial judge is justified in refusing to allow the witness to be asked question as to irrelevant collateral matters not bearing upon the issue in the case, in order from the answers thereto to lay a foundation for such impeachment.

4. In Louisiana the jury in a criminal case is judge of the law and the evidence, and a person accused of perjury has the right to have submitted to it as one of the issues to be determined by it the materiality in the case in which it was given by the accused of the testimony assigned as perjury. When therefore the district judge declined to charge as requested, that " if the jury find from the evidence adduced upon the trial that the assignment of perjury on which a conviction is asked was not material to the issue, they must acquit the defendant," and in lieu thereof charged the jury that " if it find as a fact that the prisoner had made a false assertion, as charged in the information, that such assertion was material to the issue," he committed a double error. It is the duty of a judge to charge as to the law applicable to a case, but he must do so subordinately to the rights and power of the jury.

5. The crime of perjury is sufficiently charged in an information by use of the words feloniously, falsely, corruptly, knowingly and maliciously. The special word " wilfully " is not sacramental.

6. It is not true that the averments of an information for perjury relatively to the testimony given by the accused in the original action should show affirmatively that that testimony was admissible and competent, and could not have been excluded on any legal ground, and that failing so to show and to set out all the facts necessary to have made it admissible, the information is fatally defective.

APPEAL from the Criminal District Court for the Parish of Orleans; *Moise, J.*

---

*M. J. Cunningham,* Attorney General, and *Lionel Adams,* for the State, Appellee:

1. Evidence can not be heard which is offered for the purpose of contradicting the testimony which it is anticipated will be given by a witness who has not yet been sworn. 36 An. 83; 42 An. 186.

2. Where the witness whom it is sought to impeach has not testified, no foundation could be laid to justify such attempted contradiction and the evidence of the impeaching witnesses should be excluded. 2 Tayl. Ev., p. 1235, Sec. 1445; Whart. Cr. Ev., Sec. 483; 1 Greenl. Ev., Sec. 462; Best. Prin. Ev., 634, 635; Starkie Ev., p. 212; 8 An. 115; 15 An. 167; 29 An. 716; 32 An. 408; 33 An. 1252; 35 An. 871; 41 An. 580.

3. The extent to which the examination of witnesses as to collateral matters shall be permitted is confided to the discretion of the trial judge. 1 Greenl. Ev., Secs. 51, 447; 2 Tayl. Ev., Secs. 1434, 1435; 7 An. 49; 36 An. 206; 37 An. 687.

4. The rule is that the party propounding questions as to matters which are collateral to the issue is bound by the answers of the witness, who can not be contradicted. Starkie Ev., p. 178; 1 Greenl. Ev., Sec. 455; 1 Tayl. Ev., Sec. 1435; Whart. Cr. Ev., Sec. 484.

State vs. Spencer.

5. The question as to whether testimony will be heard to rebut the testimony in rebuttal offered by the State rests exclusively within the discretion of the trial court. 31 An. 267; 38 An. 459; 44 An. 107.

6. The Supreme Court has no power and will never attempt to interfere with district judges in their manner of controlling their courts or enforcing rules of decorum or propriety therein. Hence, the appellate court will not entertain the complaint that the district judge erroneously refused to stop an attorney, in the course of his argument, on the ground that the argument was unfair, improper or unbecoming. 35 An. 734; 30 An. 367; 55 Mo. 520, 522; 87 Mo. 608, 615; 1 Thomp. on Trials, Secs. 980, 978.

7. In trials for perjury it would be error to leave to the jury, without definite instructions from the court, the question of the materiality of the alleged false oath. The proper course is for the trial judge, assuming all of the evidence to be true, to determine whether the particular article of evidence is or is not material. 2 Whart. Cr. Law, Sec. 1284; R. vs. Melaney, L. and C. 593; 10 Cox C. C. 97; R. vs. Southwood, 1 F. and F. 356; Com. vs. Parker, 2 Cush. 212; Com. vs. Lewis, 16 Kan. 157; 3 Russell on Cr. (9th Ed.) 21.

8. When the instructions requested require modification, limitation or explanation to prevent them from misleading the jury, they may properly be refused. 35 An. 769; Ib. 770; 37 An. 84; 39 An. 757; 41 An. 605.

9. Nor is it error upon the part of the trial court to refuse to give an instruction, however faultless in point of law, when the same, in substance, has already been given. 10 An. 264; 14 An. 461; 23 An. 8; 25 An. 407; 27 An. 693; 28 An. 65; 30 An. 1176; 31 An. 302; 32 An. 1270; 33 An. 537; Ib. 679; 35 An. 775; Ib. 970; Ib. 1180; Ib. 1159; Ib. 1058; 36 An. 81; 37 An. 77; 38 An. 202; Ib. 459; Ib. 795; 41 An. 317; Ib. 600; Ib. 780; 44 An. 160.

10. The court can not be required to instruct the jury in matters of law upon a point which does not arise in the case; and is not applicable to the facts in evidence. 5 An. 491; Ib. 287; 34 An. 489; Ib. 1084; 35 An. 770; Ib. 960; Ib. 1013; 37 An. 77; Ib. 489; Ib. 576; 38 An. 41; 39 An. 675.

11. The trial court has the right to take judicial notice of its own jurisdiction in a case which was pending before itself. 38 An. 566; Ib. 568.

12. Under our law, in a prosecution for perjury, it is not necessary to set out any part of the record or proceeding other than "the substance of the offence charged, and by what court or before whom the oath or affirmation was taken (averring said court or person to have competent authority to administer the same), together with a proper averment to falsify the matter wherein the perjury is assigned."

The substance of the offence required by the statute is, "that in a judicial proceeding before a court having jurisdiction, and before a person having authority to administer the oath, the party wilfully made oath of a statement of a material fact, which statement was false. R. S., Sec. 858; 2 Arch. P. and P., p. 951; 38 An. 566; Ib. 568.

"All the requirements of the statute are accomplished when the facts charged in the information are ample, and enable the court to determine from the face of the record ' whether they are sufficient to support a conviction of the particular crime and to warrant judgment.' " 38 An. 566; Ib. 567; 1 Stark C. P. 73; Whart. Cr. P. and P., Sec. 166; 2 Bish. Cr. Pr., Sec. 904.

13. Where the information charges that the accused " did, then and there, on his oath as aforesaid taken, feloniously, falsely, corruptly, knowingly and maliciously depose and swear, among other things, in substance and to the effect,"

etc , and after setting out the statement of the facts to which he made oath ,. and making the proper averment to falsify the matter wherein the perjury is assigned, concludes by alleging the materiality and the offence as follows: " and the said false statement so, upon oath, feloniously, falsely, *wilfully* and corruptly made by the said William Spencer were material to the questions and matter then and there at issue before the court, and the said William Spencer did thereby, then and there, feloniously commit *wilful* and corrupt perjury "—the information does in point of fact charge that the defendant " wilfully and corruptly " swore falsely.

14. It is not necessary in a prosecution for an offence created by statute to describe the offence in the identical words of the statute. It is sufficient if it be distinctly charged in words which are their equivalent. 12 An. 621; 15 An. 166; 33 An. 1294; 34 An. 261; 38 An. 457.

15. Where an indictment charges an offence to have been committed "falsely, maliciously, wickedly and corruptly," it was holden that this was equivalent to having stated it to have been done "wilfully," and was sufficient in an indictment for perjury at common law. 2 Arch. P. and P., p. 918; 2 Whart. Crim. Law, Sec. 1286 and note; R. vs. Cox, 1 Leach, 71.

16. Where the trial court illegally admits evidence, if the evidence go to the jury,. as the ruling of the judge was the law for the moment and on the occasion upon which the witness gave the testimony, therefore it was pertinent, and if false should be adjudged to be perjury. 2 Whart. Cr. Law, Sec. 1280; 3 Russell on Cr. (9th Ed.) p. 21; 2 Bish. Cr. Law, Secs. 1035, 1036.

17. The information against the accused, as drawn, strictly pursues the form given in the note to Sec. 876 of Bishop's Directions and Forms, adjudged good in Reg. vs. Scott, 13 Cox C. C. 594.

---

*Louis A. Paquet* for Defendant and Appellant:

1. The State has no right to close its case without calling all of its witnesses (named in the information), and *especially* in an information for perjury.

2. It is grave injury to the accused for the State to close its case without having first called the witness named in the information (on whose testimony the charge of perjury is predicated), so as to give the accused an opportunity of laying a foundation to contradict and impeach the evidence the said witness may give.

3. When the State fails to produce the witness on whose testimony the charge is predicated, the accused has a right to show the falsity of the charge, and the evidence set forth in the information by any other witness.

4. The accused has a right to show that the party named in the said information,. (Cora Hall) had made inconsistent and contradictory statements out of court, notwithstanding the fact that she had not been placed upon the witness stand by the State.

5. An accused has a right to impeach and contradict a witness for the State, by any evidence which may tend to show that she has made inconsistent and contradictory statements outside of court; notwithstanding the said witness, having been placed upon the witness stand in rebuttal. 1 Greenleaf on Evidence, 9th Ed., Vol. 1, Sec. 449.

6. A witness who is named in the information, and upon whose testimony the said information is predicated, whom the State failed to placed upon the witness stand before closing its case, and who was only placed upon the stand.

State vs. Spencer.

by the State, for the first time, in the way of rebuttal, can, on cross-examination, be impeached and contradicted by any evidence which tended to impeach her credibility. 1 Greenleaf, Sec. 462; Whart. Cr. Ev., Sec. 483; State vs. Colbert, 29 An. 715; State vs. Angelo, 32 An. 407.

7. It is improper for a prosecuting attorney, in summing up, to state his personal belief of defendant's guilt, or to state facts as of his own knowledge. People vs. Quick (Mich. 1885); Abbott's Criminal Brief, p. 426.

8. Counsel can not make damaging statements concerning the defendant of which there is no legal proof. Coleman vs. State (Ala.), 6 Southern Rep., p. 290.

9. It is error for the court to refuse to rebuke counsel for the State for making unfair remarks and improper statements to the jury in his closing address, when called upon by the accused to interpose. Whart. Cr. Pl., 9th Ed., Sec. 853, and authorities there quoted. Abbott's Trial Brief Criminal Causes, pp. 427, 428.

10. It is error for the court to charge the jury "that inasmuch as the State and defence agree that the accused on his former trial did testify to the facts set forth in the information herein that the assignment of perjury in this information is material and is, therefore, perjury."

11. It is error for the court to refuse to charge the jury that "No amount of corroboration will be sufficient to sustain a verdict of conviction, where the testimony of the witnesses to be corroborated is in the alternative, doubtful and equivocal." Gandy vs. State (Neb.) 43 N. W. 747.

12. It is error for the court to refuse to charge the jury "that if (they) the jury believe from the evidence that the witness or witnesses are not credible ones, they must acquit the defendant." Kitchen vs. State (Texas), 14 S. W. 392.

13. It is error for the court to refuse to charge the jury, "If the jury find from the evidence adduced upon the trial that the assignment of perjury on which a conviction is asked was not material to the issue, they must acquit the defendant."

14. An information must show that the information entitled State of Louisiana vs. William Spencer (wherein it is alleged the accused committed the crime of perjury) had been regularly and duly apportioned by lot, as the law requires.

15. An information for perjury must aver that issue was duly joined between the State of Louisiana and defendant, on the trial, wherein it is alleged the perjury was committed. Whart. Cr. Pl., 9th Ed., Sec. 759, and authorities there quoted; Covey vs. State (Texas), 5 S. W. 283.

16. In an information for perjury, it is necessary to charge that the defendant "wilfully" and corruptly swore falsely. Whart. Cr Pl., 9th Ed., Sec. 264; Starkie Cr. Pl., 1st American, pp. 128 and 460; State vs. Gibson, 26 An. 71; Steher vs. State (Texas), 4 S. W. 880; State vs. Day (Mo.), 12 S. W. 365.

17. It is impossible to sustain a conviction for perjury founded on an indictment which does not show, on its face, that the oath assigned as perjury was sworn to "wilfully" and falsely. State vs. Gibson, 26 An., p. 71.

18. An information which charges an accused with the crime of perjury, for swearing to certain statements made by another person (as alleged in the information herein) "shortly" after the commission of a crime, the information must show upon its face that the accused was present at the time the statements sworn to were made, so as to show that the evidence was material, legal and competent, and formed part of the *res gestæ* in the former trial (wherein it is alleged the perjury was committed); that the word "shortly" in said information is not sufficient.

· The opinion of the court was delivered by

NICHOLLS, C. J.   The defendant having been sentenced to suffer imprisonment at hard labor for five years under an information charging him with wilful and corrupt perjury committed by him when a witness on his own behalf, in a prosecution against him in the same section of the court, for having on the 18th of March, 1892, inflicted a wound less than mayhem upon one Cora Hall, has appealed.

The matters complained of are embodied in eight bills of exception, a motion for a new trial and a motion in arrest of judgment. The bills of exception numbered *from one to six* are reserved upon the same points identically as those alleged in his motion for a new trial.

The *seventh* bill is reserved to the ruling of the court passing upon his motion for a new trial, and the EIGHTH to the refusal of the trial judge to arrest the judgment.

In discussing the questions presented, we will follow the course adopted by the attorney general and the assistant district attorney in their brief, and consider each bill of exception in connection with that portion of the motion for a new trial which relates to the same subject.

The matter sworn to by Spencer, with respect to which he is charged with committing perjury, was to the effect "that on the 18th day of March, in the year aforesaid (1892), shortly after the cutting of the said Cora Hall by the said William Spencer, Officer Cenance, together with another officer, had gone into the hallway of the house on Rampart street in which the said cutting had taken place, and that the said Cora Hall did then and there tell the said officers that the said cutting had been accidental, and that she, the said Cora Hall, did not desire the arrest of the said William Spencer because of said cutting, and that thereupon the said Officer Cenance and the officer who accompanied him did compel the said Cora Hall to make a charge against the said William Spencer because of the said cutting."

The first bill of exception and the motion for a new trial recite that on the trial, whilst Jennie Spencer was being examined as a witness for the defendant she was asked by his counsel, for the purpose of contradicting the allegations set forth in the indictment, the following questions:

Q. Did you see Cora Hall on May 29, 1892, at your house? to which the witness answered "Yes."

Q. Did Cora Hall there and then tell you that the accused cut her accidentally?

That thereupon the prosecuting attorney objected to this last question being answered upon the ground that it was irrelevant and had no bearing on the case.

That then counsel for the defendant informed the court that as Cora Hall was the main witness for the prosecution, and as it is pleaded in the information that the said Cora Hall did not as a matter of fact make the statements to Officer Cenance assigned as a matter of perjury against the defendant, and as the State had closed its case without placing Cora Hall upon the witness stand to prove the allegations of the information, that therefore the above question was relevant to the issue and had an important bearing upon the case for the reason that Cora Hall had not been put upon the stand to give the defendant an opportunity to contradict her if she denied the statement that the cutting was accidental, and that the judge having sustained the objection of the assistant district attorney defendant reserved a bill. The reasons assigned by the judge for his ruling was as follows: "The prisoner is charged with false swearing in asserting that Cora Hall had made a statement that she was cut accidentally to Officer Cenance.

"The prosecution had rested the case upon the record of conviction against the prisoner in the cutting case, and the testimony of Officer Cenance and another person present at the time. Cora Hall was not a witness. No foundation was laid for the purpose of introducing this evidence to impeach the testimony of any of the witnesses, since none were shown to have been present or to have had any connection with the pretended statement of Cora Hall. Nor was it admissible to *prove* that Cora Hall had made this statement to *Officer Cenance because* she had made it to SOME ONE ELSE."

Defendant's counsel claims in this court that he had the right to introduce the evidence for the purpose of showing that Cora Hall had made different statements outside of court because "it was the duty of the State to have placed Cora Hall on the stand to prove the averments of the information and to give the accused an opportunity to examine her." This bill can not be sustained. If the questions were intended to impeach the credibility of Cora Hall the objections

taken by the State and sustained by the court that she had not tes-
tified in the case and that no foundation for such attack had been
laid were well founded. See State vs. Chevalier, 36 An. 83; and
State vs. Brownson, 42 An. 186.

If the questions were propounded for what might be styled
"defensive evidence" proper, if it would be admissible at all under
any special circumstances which defendant could disclose, it cer-
tainly was not admissible in this case, and in the general way in
which it was presented Counsel for the State say very pertinently in
their brief: "The only question presented by the pleadings was
whether in point of fact it was true that at the time and place men-
tioned Cora Hall had made the statements imputed to her. As there
was no pretence that Cora Hall had admitted that she had made to
Officer Cenance and another on the 18th of March the statements
imputed to her by the prisoner, any admission that she may have
made on the 29th of March, to the effect that the cutting was acci-
dental, would be competent in the trial of the issue whether that
cutting was wilful and malicious, but is immaterial, collateral and
irrelevant to establish that a certain conversation had been held at
a different time and place with other persons."

The second bill of exception recites that on the trial of the case,
after the State and defendant had respectively closed their case,
a witness of the State named Cora Hall was called in rebuttal by the
State to rebut the evidence given by the accused in his own behalf.
After being examined by the district attorney, and testifying that
she had not been cut accidentally by the accused, and did not make the
statements to Officer Cenance as testified by the accused, she was then
tendered to defendant for cross-examination, and she was asked by the
defendant through his counsel the following questions for the pur-
pose of impeaching her testimony: "Do you know Jennie and Sarah
Spencer?" to which witness answered "Yes." "Did you see them
at their house on the 29th of March, 1892?" to which witness an-
swered "Yes." "Did you not tell Jennie and Sarah Spencer there
and then that William Spencer, the accused, had cut you accident-
ally, and that you did not desire to have him punished?"

That this question was objected to by the State as being irrelevant;
that thereupon counsel for the defendant insisted that the question
was relevant, as it was laying a foundation to impeach and contradict
the testimony of said witness Cora Hall. That the court having sus-

tained the objection a bill was reserved. The court assigned as the reason for its action that Cora Hall was called in rebuttal by the State to the witness stand; that it sustained the objection to the admission of the testimony on the ground of its utter irrelevancy; that if Cora Hall had made the statement to a third person that she was cut accidentally was no proof that she made the statement to Officer Cenance; that it was not shown that Officer Cenance was present when Jennie Spencer was told by Cora Hall that she was cut accidentally.

This court has on three occasions decided that an attempt to offer rebutting testimony to the testimony in rebuttal, introduced by the State, is not a matter of right, but simply a privilege, resting to a great degree in the discretion of the trial court. See State vs. Wood, 31 An. 267; State vs. Gonsoulin, 38 An. 459; State vs. Lyons, 44 An. 107.

An examination of the bill of exception, wherein is briefly stated the testimony given by Cora Hall in her rebutting testimony and the testimony sought to be drawn from her by the defendant, shows nothing to justify us in overruling the judge's course in excluding the testimony from the point of view of rebutting evidence. It was utterly irrelevant as rebutting evidence proper in defence. Is defendant's complaint well grounded considered from the standpoint of an impeachment of Cora Hall? She is the person whose wounding by Spencer was the occasion of the first prosecution against him. In that suit he went on the stand in his own behalf and testified that, at a certain specified place and at a date precisely fixed she had made certain statements to particular persons to the effect that the cutting was accidental and she did not desire to have Spencer punished. In the present proceeding it is charged that that testimony was false and that he was guilty of perjury in swearing to those facts.

Under ordinary circumstances, in common fairness to a person accused, it would be the duty of the State to place at once upon the stand as its own witnesses all those who were present at or legally cognizant of the facts upon which the prosecution is based (see People vs. Kenyon, 52 N. W. 1033), but that rule in the nature of things is subject to modifications and exceptions.

In this case for reasons not disclosed (and which we have no right to assume were unwarranted) the State failed to place Cora Hall

upon the stand at first and closed its case without her, a fact spoken of as a grievance, as we have seen in defendant's first bill of exceptions. It is intimated that the State having cut off the defendant from impeaching this witness in the beginning of the trial because she had not testified and because it was then premature, afterward cut him off from doing so because it was too late. Were this true defendant would have very good ground of complaint, for a defendant is entitled at some period of the trial to discredit all witnesses brought against him; but we do not understand the State to have objected on the ground of the time at which the impeachment was sought to be made, but to the character of the questions asked. We think the court was justified in not permitting the accused to ask the witness these irrelevant collateral questions in order to attempt to contradict the answers she might make and thus throw a doubt upon her credibility as a witness upon the issues really before the court.

The third and fourth bills refer to the refusal of the district judge to rebuke the assistant district attorney for certain remarks made by him in his argument before the jury. Whilst the words used by the prosecuting attorney were somewhat intemperate, we see nothing in them to authorize more than this statement from the court. We do not think the accused was in any way prejudiced by what was said.

The complaint urged in the fifth bill and motion for new trial is to so much of the judge's charge to the jury as is contained in the following words:

"I charge you, gentlemen of the jury, that if you find as a fact that the prisoner had made a false assertion under the circumstances stated as charged in the indictment, that such assertion was material to the issue in the case pending."

We have to consider this charge in connection with that asked by the accused to be given (found in the sixth bill of exceptions), and which was REFUSED TO BE GIVEN by the judge, that written above being substituted in lieu of it.

Defendant's counsel had asked the court to charge that "if the jury find from the evidence adduced upon the trial that the assignment of perjury in which a conviction was asked was not material to the issue, they must acquit the defendant."

The judge in respect to the charge requested of him says that he charged the jury generally that they were the sole exclusive judges of the facts of the case; that they determine the credibility and the weight to be given to testimony; that they were the judges of what had been proven and what had not been proven, and in respect to the particular charge which he had declined to give, he says that it was refused because the court considered the materiality of the statement assigned as perjury to be a question of law, and that he charged the jury that if they found as a fact that the defendant swore to the assertion as alleged in the information such evidence was material to the cause then pending.

In the brief filed on behalf of the State we find the following quotation from 2d Wharton Criminal Law, Section 1284:

"According to Lord Campbell, the materiality of the alleged false swearing is for the jury, but the weight of authority is that it would be error to leave it to the jury without definite instructions from the court, and the proper course is for the judge, assuming all the evidence to be true, to determine whether the particular article of evidence is or is not material. Any dispute as to the truth of the facts, however, must go to the jury."

When our attention was first directed to this point we were inclined not to attach much importance to it, but to follow what in the citation from Wharton just stated is declared to be the weight of authority.

In the particular manner in which the matter is presented to us in this case, we are of the opinion the judge erred in not giving the charge requested of him. The jury in Louisiana are judges of the law and the fact. (Article 168, Constitution 1879.) Perjury is a peculiar crime; one of its essential elements being the materiality of the testimony given by the accused in the suit in which it was taken. The materiality of this testimony is a mixed question of law and fact, and is one of the averments necessary to be made in an indictment for perjury. When under such an indictment a case is presented to the jury, after evidence is adduced, the question as to whether that testimony was material or not is as much before it as any other issue involved.

It by no means follows that because on a motion to quash an indictment for perjury on the ground that the statements therein descriptive of the crime, if taken as true, do not show a legal cause of

State vs. Spencer.

action, the judge has for the purposes of that motion (or one in arrest of judgment) the right to determine, and finally determine, that question; or because a judge, on points raised as to the admissibility of evidence, has the unquestionable right to decide them, and that thereafter the question of admissibility is removed from the consideration of the jury, that therefore a judge has the right, in this State, to withdraw from the jury, either as a matter of law or of fact, or both, one of the triable issues in a criminal case, and that is what we conceive he has done here. The accused had the legal right to submit his case to the jury on the subject of the materiality of the testimony given by him to the issue in the case in which it was given (it being, as we have said, a mixed question of law and fact), not only on the evidence but on the law; and this statement is not inconsistent with the right of the court to charge the jury on the law applicable to the matter. This it is his duty to do, but in the performance of that duty he must, in this State, do so subordinately to the rights and powers of the jury and to the requirements of Section 991 of the Revised Statutes as to commenting upon the evidence. State vs. Swayze, 30 An. 1323. Admissibility of evidence is by no means identical with materiality of evidence.

The complaint as to the other charges requested by the accused and refused by the court is disposed of by the statements made by the court in respect to the facts of the case and as to what he had already substantially charged the jury on the points suggested. The accused requested no written charge and the statements of the court must be taken as true.

The motion in arrest presents four grounds, because of which it is contended that the judgment should be arrested:

1. Because the information fails to show that the indictment entitled The State of Louisiana vs. William Spencer, wherein it is alleged that the accused had committed perjury, had been regularly and duly apportioned by lot as required by law.

2. That it failed to show that issue was joined between the State of Louisiana and defendant on the trial of the indictment entitled the State of Louisiana vs. William Spencer, wherein it is alleged defendant committed the crime of perjury.

The objections have no force. Section 858 of the Revised Statutes provides: " In every presentment or indictment against any person for wilful or corrupt perjury it shall be sufficient to set forth the sub-

stance of the offence charged and by what court or before whom the oath or affirmation was taken (averring said court or person to have competent authority to administer the same), together with a proper averment to falsify the matter wherein the perjury is assigned without setting forth the bill, answer, information, indictment, declaration or any part of the record or proceeding other than as aforesaid and without setting forth the commission or authority of the person before whom the perjury was committed.

The information sets out that William Spencer was in due form tried upon a certain indictment then ; nd there depending against him and of which the said court had jurisdiction, and that at the trial so then and there had as aforesaid the said William Spencer did appear as a witness upon his own behalf at the said trial and was duly sworn in open court, etc.

We think the information complied with all the requirements of the law under the statute mentioned.

3. Because the information fails to set forth that the crime charged was done "wilfully," as required by law; that charging with having taken the oath "feloniously," " maliciously " and "corruptly " is insufficient; that it should have charged that it was done "wilfully," "feloniously," "falsely," "corruptly," "knowingly," and "maliciously."

The information charges the oath as having been taken feloniously, falsely, corruptly, knowingly and maliciously, and states further that the said false statements so upon oath feloniously, falsely, wilfully and corruptly made by the said William Spencer were material, etc.

We think the words used in the charging part of the information cover the word "wilfully," assuming that the subsequent actual use of that word was as placed in the information insufficient to give it the force it would have had it been found in the first portion of the instrument. 51 N. W. 474; 27 Pac. 836; 15 S. W. 175.

4. That the information does not show that the defendant was present at the time that the said statements were made by Cora Hall to officer Cenance shortly after the cutting, as set forth in the information, so as to show that such evidence was material, admissible and competent on the trial of the case wherein it is alleged the defendant committed perjury, and that the word "shortly" used in the information without alleging, clearly and distinctly, that the said

accused was present at the time it is alleged that the conversation was held between Cora Hall and Officer Cenance is insufficient to show that what defendant swore to was admissible on the former trial and was a part of the *res gestæ*, and that therefore the said allegation is not sufficient in law to constitute the crime of perjury.

We understand this objection, which is anything but clear in its language, to assert that the averments of the information relatively to the testimony given by the accused in the original action should show affirmatively that that testimony was admissible and competent and could not have been excluded on any legal grounds, and that failing so to show and to set out all the facts necessary to have made it admissible and competent, the information was fatally defective.

We can not accede to that proposition.

For the reasons herein assigned it is ordered, adjudged and decreed that the verdict of the jury and the judgment of the District Court therein rendered in this case be and the same is hereby annulled, avoided and reversed and the case remanded to the lower court for further proceedings according to law.