On the Merits.
Defendants’ counsel, Phanor Breazeale, though absent when the case was taken up on Friday, the day it was fixed for trial, was in court when the case was called the next day. At that time the impaneling of the jury had not yet been completed, only seven jurors having at that time been sworn. It is said in defendants’ brief that, if Mr. Phanor Breazeale had been present the day before, two of these jurors would not have been accepted, as they were unfriendly to himself, and liable to carry their personal unfriendliness to him into the jury room. Whether they would have done so or not, in fact, is a matter which, of course, can never be known. In some jurisdictions unfriendliness to the counsel engaged in the ease has been held not to be good ground for a challenge for cause. The most that can be said is that, had Mr. Phanor Breazeale been present, he could or would have challenged them peremptorily.
The motion made the second day to commence the proceedings de novo was asked as a matter of right, not for any specially assigned reasons. Whether the two jurors complained of were in the regular venire, or not, we do not know.
If they were, they could have been easily kept off the jury by a suggestion made in advance to the junior partner.
The averments as to injury are set out, not, as they should have been, in bills of exception or in a motion for a new trial, but only in counsel’s brief.
The senior member of the firm of Breazeale •& Breazeale had charge of the case throughout the trial upon the merits. We would not feel warranted in reversing the judgment on the ground that the trial was not postponed until he could be present at its commencement, nor because the proceedings prior to his being present were not set *631 aside when he appeared the next morning. The court did not err in refusing to allow the counsel to question the stepfather of the deceased as they sought to do. It is said defendant had a right, in law, to probe the witness’ knowledge of the person whom he identified. That was not the announced purpose of the questions, and, besides, they were not such as would have a legal tendency to add to the force of the testimony which he had given as to .the identity of the deceased. Any one hearing the questions would have attributed their being propounded- to a very different object.
Defendants complain of the permission granted by the court to Mr. Henry, the counsel of Richard Blunt, to withdraw him from the witness stand temporarily, and to allow him a conference with him before he gave his testimony. The alleged connection of Blunt with the crime charged in the indictment, and the relation which Mr. Henry held towards the witness, made his request for a conference a reasonable one, under the circumstances. We must presume the object of that conference to have been the protection of his client by giving him necessary information as to his rights, and not the “tampering” with the testimony which the witness was about to give, as is suggested.
The court ruled correctly in refusing to allow defendants’ counsel to question Blunt as to what had taken place between himself and his counsel. It ruled correctly in refusing defendants’ counsel leave to withdraw Blunt from the stand after he had retaken it, in order to exercise, as he asserts, his constitutional right to consult the witness in an interview with him, free from the presence or influence of any person. The relations which the counsel for Blunt held towards him as a witness were very different from those which his (Benoist’s) counsel held towards him. We see no error in the court refusing to allow the counsel of Benoist to propound .to Blunt, who was then on the stand as his witness, the questions which are referred to in the sixth bill of exception reserved by defendants’ counsel.
We think the complaint made by appellant in his third bill of exception is well founded, and the cross-examination of the witness Blunt by the state was allowed to an unauthorized extent. The cross-examination, according to the judge’s own statement of the facts, covered matters far beyond those as to which he had testified in his examination in chief, and the testimony which he gave under those circumstances was of the most damaging character. The witness, as Benoist’s counsel soon found out, ought to have been placed by the state on the stand, and in its interest, not by themselves.
In State v. Spencer, 45 La. Arm. 9, 12 South. 135,' and several times since, we have said that under ordinary circumstances, in common fairness to the accused, it would be the duty of the -state to place upon the stand at once, as its own witnesses, all those who were present at or legally cognizant of the facts upon which the prosecution was based (citing People v. Kenyon [Mich.] 52 N. W. 1033), but that the-rule, in the nature of things, was subject to modification and exceptions.
The state should make out its case through the direct examination of its own witnesses, not through the cross-examination of defendant’s witnesses. Defendant’s opportunities for defense through cross-examination of the state’s witnesses are broader than through evidence to be adduced by themselves in rebuttal.
“The better opinion,” says Rapalje on witnesses, “seems to be that, if it be desired to examine a witness upon matters other than those drawn out upon his direct examination, the party must make the witness his own, and call him as such.”
The state should open the door as widely as possible to the accused. We see no reason why the witness Blunt should- not have been placed upon the stand as its own witness, and we think appellant was placed at a disadvantage on the trial.
For the reasons assigned, it is ordered, adjudged, and decreed that the verdict of the jury, and the judgment of the court based thereon, herein appealed from, be annulled, avoided, and reversed in so far as Ovide Benoist is concerned, and the cause, so far as he is concerned, is remanded to and reinstated in the district court for further proceedings according to law. The judgment of the district court, so far as Bud Jackson is concerned, is hereby affirmed.