LOUIE KEELER v. STATE.

No. A-4111.    Opinion Filed Aug. 15, 1923.

(217 Pac. 228.)

(Syllabus.)

1.    **Criminal Law—Plea to Merit as Waiver of Objections to Illegality of Arrest.** Where the defendant pleads to the merits of a criminal action, he waives all objections to the illegality of his arrest.

2.    **Appeal and Error—Necessity for Objections Below—Evidence.** Where it is contended that the trial court erred in permitting the introduction of incompetent, irrelevant, and immaterial evidence, and the record shows that no objection was made to such evidence, and further that a large poriton of the evidence complained of was elicited by counsel for defendant in cross-examination of a state's witness, no reviewable question is presented.

Appeal from County Court, Pontotoc County; Tal Crawford, Judge.

Louie Keeler was convicted of unlawful possession of intoxicating liquor, and he appeals. Affirmed.

King & Crawford, for plaintiff in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for the State.

PER CURIAM. This is a prosecution by information filed in the county court of Pontotoc county on the 2d day of April, 1921, jointly charging the plaintiff in error Louie Keeler, Joe Hardin, and Walter Oliver with the crime of unlawful possession of intoxicating liquor. A joint trial resulted in the acquittal of Joe Hardin and Walter Oliver and the conviction of Keeler with punishment assessed as above stated. Keeler has appealed to this court, and errors assigned will be considered in the order presented in the brief.

It appears from the record that on the day the information was filed a warrant for arrest was issued for the defendant signed by L. E. Franklin, court clerk. It further appears that

on the 5th day of April, 1921, the defendants were brought before the court for arraignment, and the minutes of the clerk show that the defendants waived time in which to plead and pleaded not guilty to the charge. Thereafter on the 12th day of July, 1921,. the cause was called regularly for trial, at which time counsel for the defendants moved the court to quash, set aside, and hold for naught the pretended warrant issued for the reason that the court clerk had no authority to issue said warrant. After a hearing the court overruled the motion and the defendant announced ready for trial and was tried and convicted. The evidence taken on the hearing of the motion to set aside the warrant was conflicting. The minutes of the clerk showed that the defendants had been arraigned on the 5th of April, 1921, and had pleaded not guilty, and the clerk also testified that he knew that the defendant pleaded not guilty on that date. Witnesses for the defendant testified that the defendant waived time in which to plead on the 5th day of April, 1921, but that no plea was entered on that date. The order of the trial court in overruling the motion to quash the warrants was equivalent to a finding by the trial court that the defendant had on the 5th day of April, 1921, pleaded not guilty of the offense charged in the information. Independent of the testimony taken, this was a matter of which the court had judicial knowledge. The general rule is that where the defendant pleads to the merits he waives all objection as to the illegality of his arrest. State v. Blackman, 32 Kan. 615, 5 Pac. 173; State v. Bjorkland, 34 Kan. 377, 8 Pac. 391; State v. Tuchman, 47 Kan. 726, 28 Pac. 1004; Clifford v. Overseers of the Poor, 37 N. J. Law, 152; Logan v. Lawshe, 62 N. J. Law, 567, 41 Atl. 751; Jones v. Foster, 43 App. Div. 33, 59 N. Y. Supp. 738; People v. Allen, 51 Mich. 176, 16 N. W. 370; People v. Kenyon, 93 Mich. 19, 52 N. W. 1033.

It is also contended that the court erred in permitting the state to admit evidence that was incompetent, irrelevant, and immaterial. The record shows that no objection was made to the evidence here complained of, and furthermore that a large portion of the evidence was elicited by counsel for the defendant in the cross-examination of a state's witness.

Finding no error in the record before us sufficient to authorize a reversal of the judgment, the judgment is therefore affirmed.