JOHN DILLON STRONG v. STATE.

No. A-8224.   Feb. 5, 1932.
(7 Pac. [2d] 917.)

J. Q. A. Harrod and Laynie W. Harrod, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.    Plaintiff in error, hereinafter called defendant, was convicted in the district court of Canadian county of the larceny of an automobile, and his punishment fixed by the jury at imprisonment in the penitentiary for 15 years.

The evidence of the state was that Lee Pierce was a merchant in the city of El Reno; that he was the owner of a model 1930, motor No. 1572389, Chevrolet sedan; that this automobile was taken, without his knowledge or consent, on the 22d day of November, 1930; that a few days later this automobile was found in the town of Okarche; that the motor number and serial number had been changed; that the automobile was found in the possession of a man named Tom Leonard, who had been jointly charged with defendant with the larceny of the car; that about the second day after the automobile was stolen de-

fendant presented a purported registration of this car from the state of Texas to the tag agent at El Reno, under the name of C. F. Foster; that the numbers on the automobile stolen had been changed to correspond with the numbers on the Texas registration; that, when Leonard was arrested and the stolen car recovered, he had a bill of sale for the car signed by C. F. Foster; that the name "C. F. Foster" on the bill of sale was written by the same person who wrote the name "C. F. Foster" when applying for the registration and license to the tag agent at El Reno; that the automobile registered by defendant under the name of C. F. Foster was the same automobile found in the possession of Leonard, in Okarche; that there were certain other identification marks on the stolen automobile by which the owner could positively identify it.

The defense was an alibi; defendant contending that on the 22d day of November, 1930, and for more than a week thereafter, he was in Kansas City.

At the time the case was called for trial, defendant moved for a continuance, and for an order of court to take depositions, setting out that he desired to take the depositions of Mildred Jackson, Opal Talley, B. J. Strong, and others, at the office of C. W. Middleton, 1204 Commerce building, Kansas City, Mo.; and thereupon the case was continued, and the court made an order authorizing defendant to take such depositions, but none were ever taken. Defendant called no witness and offered no evidence except his own upon the question of the alibi.

Defendant first contends that the trial court erred in overruling his motion to quash and set aside the information in the district court, for the reason that the record discloses that the name of plaintiff in error was added after the information was filed, and after it had been

sworn to, and for the further reason that the preliminary information introduced in evidence showed upon its face that James Dillon Strong had been informed against, which is not the plaintiff in error.

It appears from the record that the complaint originally filed with the magistrate was against Perry Moore and Tom Leonard, and that later, by leave of the magistrate, the name of James Dillon Strong was inserted in the preliminary complaint. It further appears that, when defendant was arrested and brought before the magistrate, he made no objection to the complaint nor to the warrant upon which he was arrested, and, after being advised of his rights by the court, waived time to plead, and entered a plea of not guilty; that a preliminary hearing was had, and he was bound over to the district court without any objection on his part. It further appears from the record that defendant was informed against in the district court as John Dillon Strong, which is his true name.

When defendant was arraigned in the district court, he took 24 hours to plead, and on January 21st made application for a continuance to enable him to take depositions, at which time the case was continued and the trial of the same set for February 2d. When the case was called for trial, defendant filed his motion to quash the information, and for the first time raised any question of the sufficiency of the preliminary complaint, the legality of his arrest, the preliminary hearing had on the complaint, or the jurisdiction of the court over his person. The failure to verify a preliminary complaint in a felony case was a matter he could waive and did waive by not raising the question before entering his general appearance to the charge in the magistrate's court.

In Steiner v. State, 33 Okla. Cr. 298, 243 Pac. 1002, this court said:

"Where an unverified complaint charging a felony is filed before a magistrate, it is insufficient to authorize the issuance of a warrant, but, if a warrant is issued on such complaint, and a defendant apprehended and arraigned and submits to the jurisdiction of the magistrate, and has a preliminary trial on such complaint without challenging its sufficiency for lack of verification, such defect is waived." Keeler v. State, 24 Okla. Cr. 206, 217 Pac. 228.

It is next contended that the trial court erred in permitting the county attorney to attack the character and reputation of defendant, without such reputation having been first put in issue by himself.

The record discloses that the trial court permitted the state to ask defendant on cross-examination if he had not stated to one of the officers that he had been stealing automobiles in different places and disposing of them. Defendant denied making any such statement. The state then placed the officer on the witness stand, and the court permitted him to testify that defendant had made such statements to him, but later, on motion of defendant's counsel, the evidence was taken from the jury, and they were admonished by the court not to consider such statements.

In Leslie v. State, 22 Okla. Cr. 111, 210 Pac. 297, this court said:

"Only those questions can be considered upon appeal, unless jurisdictional, which were decided adversely to the appellant in the trial court." See, also, Mitchell v. State, 7 Okla. Cr. 563, 124 Pac. 1112; McNeill v. State, 18 Okla. Cr. 1, 192 Pac. 256.

In view of the final ruling of the court on this mat-

ter, there is nothing before this court for review, since no jurisdictional question is involved.

While the error complained of cannot be considered by this court on the record, and while it is not such as would require a reversal of the case, the error in permitting the jury to hear this evidence may have resulted in a greater penalty than would otherwise have been given.

It is also contended that the evidence is insufficient to support the verdict of the jury.

The evidence is wholly circumstantial. The court gave the usual instructions on circumstantial evidence. When all the facts and circumstances are considered together, they were sufficient to support the verdict of guilty.

Upon consideration of the whole record, the court finds the punishment is excessive and the judgment should be modified, and the punishment reduced from 15 years in the penitentiary to 5 years in the penitentiary, and, as modified, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.