Avert, J.
The action in the Court below was assumpsit, and the declaration contained the common counts.
The plea was the general issue, with notice of set off.
Upon the trial before the jury, a bill of exceptions was taken by the defendant, from which it appears that the plaintiff was sworn as a witness, and testified to the loss, by accident, of one of his books of account. He then produced a witness, who swore that he had compared the plaintiff’s bill of particulars with the entries in the said lost book and found them to correspond ; when the plaintiff was permitted to testify to the correctness of the charges on said lost book, as valid charges against the defendant.
In this did the Court commit any error ?
The words of the Statute, on this subject, are as follows: “ That in all actions wherein any claim or defence is founded on book accounts, of not more than eighteen months standing, in which is drawn in question the validity or amount of any such book accounts, the Court or justice may, upon the trial of such action, examine the party under oath or affirmation, touching the validity of such account or accounts, which shall be admitted as evidence on the trial, the credibility thereof being left to the jury or justice to determine; ” Swan’s Statutes, 326.
In the present action, the plaintiff’s claim is founded on book accounts; and there is no denial that these accounts are of less than eighteen months’ standing. The party then, by virtue of the statute, may be examined under oath, touching the validity of the accounts, which accounts, the statute further provides, shall be admitted as evidence on the trial, the credibility thereof being left to the jury.
The statute does not, in terms, declare that a party may be examined touching the validity of his book accounts, only when *158 the original book is produced on the trial; and we are not called uPon to exclude his testimony in such case, unless it be required by what seems to be the true object and intention of the statute. I am not aware that the question now raised has been before the Court upon any former occasion. It certainly did not arise in the case referred to, of Cram v. Spear, 3 Ohio Rep., where the Court say, “ But the books in which the original entries were made, must be produced; otherwise, the oath of the party will be rejected.” That was undoubtedly correct, as a general proposition, and sufficiently exact for the case then before the Court; but there was no question in that case concerning a lost book, nor was the attention of the Court directed to that subject. If, then, there be nothing in the words of the statute, or the previous decisions of the Court, what reason is there for excluding the oath of the party ? No doubt, it is to be desired that the original book of entries should be produced, for if fairly and properly kept, it would contribute to establish in a more satisfactory manner the justice of the claim; and on the other hand, it would help to defeat the claim, if there appeared to be marks of irregularity or fraud upon the face of the account. Inconvenience of a similar character may also be experienced by both parties, when notes, bonds, or other writings are lost; but as in such cases, it has long been held that secondary evidence of their contents shall be admitted, so we think it should be in this case. The loss of the book may here well enough be proved, as in the case of the lost bond, by the oath of the party; and the contents, as in that case, be established by other evidence.
In the admission of this testimony, therefore, by the Common Pleas, there was no error.
After the plaintiff had rested, the defendant introduced evidence in defence, under his general issue and notice.
Next, the plaintiff offered in evidence the transcript of a judgment rendered by Robert Laughlin, a Justice in Kentucky, with evidence tending to show that the suit in Kentucky was for the same cause of action as the defendant’s set-off here. The transcript is as follows:
*159 “ Walter Dewey Dr. to Walter Smiley, for the use of Boat in the Summer and Fall of 1845 ; To seventy-five days, at 50 cents per day,............ $37 50
To hemp Cable, lost off Boat................... 2 00
To 100 pounds Oakum, at 2 cents,.............. 2 00
$41 50
June Term, 1846.

Walter Smiley

v.

Walter Dewey.

Upon a Warrant for $41 50, due by Account. '
June 6th, 1846. Parties heard, and judgment that the plaintiff recover against the defendant, seven dollars and eighty cents debt.
Cost of the Plaintiff,...................$3 75 .
Cost of the Defendant,.................. 1 25
I do certify, that the above is a true copy from my docket. Given under my hand, as one of the Commonwealth Justices of the Peace for Greenup county, Kentucky, this 12th day of June, 1846. Robert Laughlin, J. P.”
This transcript shows a sufficient judgment before justice Laughlin, and the authentication is admitted to be in conformity with the act of Congress. Faith and credit must therefore be given to the transcript of these proceedings, in this State, as well as in Kentucky. The transcript, therefore, in connection with the accompanying testimony, that the matters in controversy were the same in both suits, was properly received in evidence.
The defendant then offered to prove by parol testimony, that an appeal, had been taken from the judgment in Kentucky, and that the same cause was still pending in the Circuit Court of Greenup county, in that State. This the Gourt of Common Pleas refused to allow, and correctly. For the facts must appear upon the journal or records of the Kentucky Court, and, therefore, cannot be found by parol.
*160 The Court of Common Pleas was asked to charge the jury, tj . •£ ¡-pe evidence satisfied them, that the suit before the jus- ’ 7 in Kentucky, was commenced after the issue was joined in the case then on trial, the justice’s judgment could not defeat the defendant’s set off.
This the Court refused to charge, and in this the Court was doubtless right. For if it was shown that the items of defendant’s account before the time when he offered them in evidence, by way of set off, were actually in judgment, though in Kentucky, the judgment only could afterwards be used as a set off in any case, and not the original claim, which had been merged in the judgment, and could not be a second time litigated.
The Court was asked by the defendant, further to charge the jury, that if, at the commencement of the suit, there was a balance due from the plaintiff to the defendant, on account of the subject matters in the parties’ bills of particulars contained, the defendant was entitled to a verdict for the amount of such balance and interest. This charge the Court refused to give, and properly, if there was not error in their refusal to charge according to the first request of the defendant, because that furnished one instance, where the balance may have been in the defendant’s favor at the commencement of the suit, while it was not so at the time of trial.
The defendant asked the Court to charge the jury, that if the evidence satisfied them, that the character of the plaintiff for truth and veracity had been successfully impeached, they were not bound to place any reliance whatever upon his evidence in the case. This the Court refused, but charged the jury that they were the sole judges of the credibility of the witnesses. The Court, in this, could not have misled the jury, nor did they omit, to give all needed instruction.
The defendant asked for this charge, that if the jury were satisfied the judgment of Laughlin had been appealed from and was pending in the Circuit Court of Greenup, then it was not a bar to the defendants offsets, irrespective of the time when *161 said suit was commenced. The Court so charged the jury, but with the qualification, that such appeal must have been shown by an authenticated copy of the records of said Circuit There is no error in the charge, qualified as it was, but as there was no evidence before the jury to prove the existence of such appeal, there would have been no error in refusing the charge altogether.
The Court further charged the jury, that if the subject matter of the claim set up by the defendant, before them, was the same as that set up by the defendant in the trial before Laughlin, then the judgment before Laughlin would bar the defendant from offsetting the said claim, even if he had found a larger amount due him on the claim, than that for which he got judgment. This part of the charge was objected to by the defendant.
But in no one of the various efforts, in which the defendant’s counsel labored throughout, to find or produce an error, has he been able, in the opinion of the Court, to present a sufficient cause for reversal. ■ Judgment affirmed.