## J. F. MARTIN v. COUNTY OF DODGE.[1]

### June 11, 1920.

### No. 21,776.

**Removal of probate judge.**

1. The Constitution, article 13, §§ 1, 2, provides that certain officers may be impeached, and that the legislature may provide for the removal of inferior officers for malfeasance. By G. S. 1913, § 5724, provision is made for the removal of judges of probate and other county officers by the Governor. Judges of probate are among those for whose removal the Constitution gives the legislature authority to provide, and under the statute the Governor has power to remove judges of probate for malfeasance.

**Same — suspension from office.**

2. As incident to the power of removal the Governor has the power of suspension pending the hearing of the proceeding for removal.

**Hearing unnecessary.**

3. Suspension may be made without a hearing.

**No recovery of salary during suspension from office.**

4. The judge of probate appointed by the Governor upon the suspension is in office of right, and upon the determination by this court that the removal was invalid, the judge of probate who was removed cannot recover of the county the salary of the office for the period it was rightfully occupied by the Governor's appointee.

[1] Reported in 178 N. W. 167.

146 M.—9.

Action in the district court for Dodge county to recover $1,067.76, salary as judge of probate for that county from March 1, 1918, until January 6, 1919. The case was tried before Childress, J., who made findings and ordered judgment in favor of plaintiff for $130.23, being salary for the month of December, 1918, and the first six days of January, 1919. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Edgerton & Dohs* and *Fred W. Senn,* for appellant.

*Samuel Lord, George R. Little* and *A. L. Gausewitz,* for respondent.

DIBELL, J.

Action by the plaintiff to recover salary as judge of probate court of Dodge county from March 1, 1918, until January 6, 1919. There was judgment for the plaintiff for salary from December 1, 1918, until January 6, 1919, for which the county confessed judgment, but for no longer a period, and he appeals.

1. On February 20, 1918, the plaintiff was the judge of probate of Dodge county and had been such for many years. On that date he was suspended by the Governor for alleged malfeasance in office and upon a hearing was removed. Upon the suspension of Judge Martin, J. M. F. Cooper was appointed by the Governor in his stead and assumed and discharged the duties of the office. The removal of Judge Martin was reviewed by this court on certiorari and it was held invalid. The opinion was rendered on December 27, 1918. State v. Burnquist, 141 Minn. 308, 170 N. W. 201, 609. Judgment was entered on January 16, 1919. The term which Judge Martin was serving expired on January 6, 1919.

The plaintiff contends that the Governor was without jurisdiction. The Constitution, article 13, § 1, provides:

"The governor, secretary of state, treasurer, auditor, attorney general, and the judges of the supreme and district courts, may be impeached for corrupt conduct in office, or for crimes and misdemeanors."

Section 2 of article 13, provides:

"The legislature of this state may provide for the removal of inferior officers from office for malfeasance or nonfeasance in the performance of their duties."

Pursuant to section 2 the legislature enacted G. S. 1913, § 5724, which provides as follows:

"The governor may remove from office any clerk of the supreme or a district court, judge of probate, judge of any municipal court, justice of the peace, court commissioner, sheriff, coroner, auditor, register of deeds, county attorney, county superintendent of schools, county commissioner, county treasurer, or any collector, receiver, or custodian of public moneys, whenever it appears to him, by competent evidence, that either has been guilty of malfeasance or nonfeasance in the performance of his official duties; first giving to such officer a copy of the charges against him, and an opportunity to be heard in his defense."

The argument of the plaintiff is that the judge of probate is not an inferior officer within the meaning of section 2 of article 13, and that therefore section 5724, so far as it relates to a judge of probate, is without constitutional authority. It is plain that the Constitution intended to put judges of probate among the officers, for the removal of whom the legislature might provide. It has never been supposed that certiorari does not lie in a proper case to the probate court. Yet the statutory authority for its use is phrased in language similar to that of the Constitution now in question. G. S. 1913, § 121. And see Mitchell v. Bay Probate Judge, 155 Mich. 550, 119 N. W. 916. We find no merit in the plaintiff's contention. As forceful an argument might be made in behalf of various county officers who within their jurisdiction have no superior.

2. The Governor had as incident to the power of removal implied authority to suspend the judge of probate pending the hearing. In State v. Peterson, 50 Minn. 239, 52 N. W. 655, it was held that there was no constitutional objection to a statute which provided for a suspension pending the hearing. In State v. Megaarden, 85 Minn. 41, 88 N. W. 412, 89 Am. St. 534, it was held that the power to suspend a county officer during investigation, though the statute did not provide for such suspension, impliedly existed as an incident to the power to remove. It could hardly be otherwise.

3. The Governor suspended Judge Martin without a hearing upon the question of suspension. A hearing was not essential, and the suspension was not invalid because a hearing was not given. In the Peterson

case and in the Megaarden case the suspension was without a hearing. In each the right of suspension was sustained in quo warranto against the officers refusing to comply with the order of suspension. In the Peterson case, Justice Mitchell, in commenting upon a suspension, in that case authorized by statute, said: "Such temporary suspension without previous hearing is fully in accordance with the analogies of the law." Whether there shall be a suspension is within the wise discretion of the removing power and the suspended officer need not be given a hearing before suspension.

4. Judge Martin held the office to which he was elected, just as do the other officers to whom the statute is applicable, subject to suspension and removal. In State v. Megaarden, 85 Minn. 41, 88 N. W. 412, 89 Am. St. 534, the court said: "It may be said that it is a great hardship to an accused official to be deprived of his fees and emoluments before actual removal; but the answer to this suggestion is that he takes the office and retains it cum onere, and must accept its burdens with its benefits."

Upon the suspension of Judge Martin some one had to discharge the duties of the office. It could not be vacant. The duty of appointment devolved upon the Governor. Judge Cooper upon his appointment was not an intruder, but held his office as of right. The removal was made with jurisdiction. In the interim Judge Cooper was the rightful probate judge. He was in office because rightfully put there by the Governor's appointment.

Judge Martin cannot recover from the county the salary of the office while his duties were discharged by Judge Cooper under his appointment and before the termination of the removal proceeding in this court.

Judgment affirmed.