### BOSTWICK v COURT OF COMMON PLEAS et

Ohio Appeals, 2nd Dist, Franklin Co ..

No 2125.  Decided Sept 9, 1931

Messrs. C. M. Addison, John E. Todd, and R. J. O'Donnell, Columbus, for the plaintiff.

Messrs. Newton D. Baker and Paul Patterson, Cleveland, and C. S. Druggan, Columbus, for defendants.

BY THE COURT

The case has been fully and ably presented, and this Court in view of the urgency of the case has concluded to announce its decision. The authority for the statute in this case is §38, **Article 2** of the **Constitution,** which provides:

"Laws shall be passed providing for prompt removal from office upon complaint and hearing of all officers, including state officers, judges and members of the General Assembly for any misconduct involving moral turpitude or for other causes provided by law, and this method of removal shall be in addition to impeachment or other methods of removal authorized by the Constitution."

The General Assembly at its following session in pursuance to this constitutional

authority enacted §10-1-2-3-4 providing for removal of officers. **Section 10-3 provides** that "the Court may suspend the officer pending an investigation." The validity of this section is attacked on the ground that it is not authorized by the Constitution. Counsel for the relator relies principally upon the case of Gregory, Respondent, v. Mayer, 113 N. Y., 416, and the case of U. S. v. Wickersham, 201 U. S., 390. Neither of these cases is directly upon the point here. It was there held that where the civil service act provided that no removals of an employee could be had without certain steps and proceedings, the officer undertook to suspend certain employees, and the Court held that the power to suspend was not conferred by the act. More direct authorities are found in the case of Minnesota v. Peterson, 50 Minn. 239, wherein it is held that the power to remove includes the power of temporary suspension. This case was followed in the subsequent case of Martin v. The County of Dodge, 146 Minn. 129, and State of Missouri ex rel. vs. Police Commissioner, 16 Mo. Appeals, 48. The power of incidental suspension of a public officer is upheld in 33 Corpus Juris, 943, and also the 22nd Ruling Case Law, §270, p. 564. In these cases and authorities the right to suspend is upheld simply under a power to remove, it being held in those authorities that a general power to remove includes the incidental power to suspend. In many of these authorities it was held that this incidental power to suspend existed independent of any statutory authority. In the present case we have a positive legislative authority. In §10-3 it is expressly provided that "the court may suspend the officer pending such proceedings." That would give the Court of Common Pleas the discretionary power to suspend.

Again it is urged that the statute governing suspension from office is subject to the power confered by statute to name or appoint a successor in the office of Probate Judge for the temporary vacancy. In our judgment where the power of suspension is definitely provided for by statute such power would not depend upon the right to appoint an acting Probate Judge.

It is urged with much force that the suspension of a Probate Judge would result in leaving the office vacant until the charges could be finally heard and determined. Assuming that this suggestion is well taken, we are of opinion that the Legislature had authority to enact the provision in question for suspension, irrespective of the status in which it might leave the incumbency of the office.

We do not doubt that the Legislature had power to make this provision, and that the trial court has discretion as to the suspension.

The writ will be refused, and the petition dismissed.

ALLREAD, J, HORNBECK and KUNKLE, JJ, concurring.