## RANSFORD v. GRAHAM.

1. WORDS AND PHRASES—SERVING.

   *Serving* means discharging a function or duty, rendering a service.

2. JUDGES—PROBATE JUDGE—LICENSE TO PRACTICE LAW—CONTINUANCE IN OFFICE.

   Probate judge, not licensed to practice law in this State, who had been enjoined by the Supreme Court from exercising the powers and duties of the office in May, 1962, and who refrained from exercising or discharging said powers and duties, and rendered no service as probate judge, was not *serving* as judge of probate within the meaning of provision of new Constitution permitting an unlicensed person to continue in office and be eligible for re-election if serving on the effective date of the Constitution, hence the office became vacant when the Constitution went into effect (Const 1963, art 6, § 19; sched, § 7).

3. SAME—PROBATE JUDGE—REMOVAL FROM OFFICE—INJUNCTION—SUPERINTENDING CONTROL.

   The Supreme Court's order enjoining a probate judge from exercising the powers and duties of his office, pursuant to its power of superintending control over all inferior courts does not effect a removal from office, such power of removal being specifically lodged in the legislature and governor (Const 1908, art 7, § 4; art 9, § 6; Const 1963, art 6, § 25).

REFERENCES FOR POINTS IN HEADNOTES

[2, 6] 30A Am Jur, Judges § 224.
[3] 30A Am Jur, Judges §§ 24–26.
   Power of courts or judges in respect of removal of officers. 118 ALR 171.
[4] 14 Am Jur, Courts § 264.
[5] 30A Am Jur, Judges §§ 24–26.
   15 Am Jur, Criminal Law § 359 *et seq.*

4. SAME—INJUNCTION—DUE PROCESS.

Order of Supreme Court enjoining a probate judge from exercising the powers and duties of his office, issued pursuant to its power of superintending control over inferior courts *held*, not a violation of the due process clause of the Constitution of the United States under record presented (US Const, Am 14; Mich Const 1908, art 7, § 4).

5. SAME—FORMER JEOPARDY—INJUNCTION—REMOVAL.

Former jeopardy did not result from issuance of order by Supreme Court enjoining defendant probate judge from exercising the powers and duties of the office following declination of the house of representatives to vote for his removal, since neither the proceedings in the Supreme Court nor those in the legislature were criminal, the action taken by the Court having been based on a finding of facts made prior to the legislature's consideration thereof (Const 1908, art 2, § 14).

6. SAME—PROBATE JUDGE—VACANCY IN OFFICE—LICENSE TO PRACTICE LAW—CONSTITUTIONAL LAW.

Office of probate judge became vacant automatically upon adoption of new Constitution where incumbent defendant, not licensed to practice law in this State, had previously been enjoined from exercising powers and duties of that office and such probate judges were permitted to continue in office only if serving therein when Constitution became effective (Const 1908, art 7, § 4; Const 1963, art 6, § 19; sched, § 7).

Original complaint by Maurice C. Ransford against Henderson Graham to determine that latter did not possess qualifications for probate judge under the 1963 Constitution and that, upon its effective date, the office was vacant. Submitted November 6, 1964. (Calendar No. 117, Docket No. 50,796.)

Opinion filed November 19, 1964, holding office vacated.

*Douglas L. Williams,* for plaintiff.

*Thomas R. McAllister,* for defendant.

PER CURIAM. Invoking the original jurisdiction of this Court, plaintiff filed a complaint praying for a

determination that on January 1, 1964, the effective date of the Michigan Constitution of 1963, defendant did not possess the qualifications essential thereunder to entitle him to serve the remainder of the term as probate judge of Tuscola county to which he had been elected in 1960, and a determination that the office became vacant as of January 1, 1964. Plaintiff's brief filed in this cause states the question involved to be:

"On January 1, 1964, the effective date of the Michigan Constitution of 1963, was the defendant 'serving' within the meaning of that term as it is used in said Constitution, schedule and temporary provisions, § 7?"

Pertinent facts in this case are to be found in the per curiam opinion of this Court in *In re Graham,* 366 Mich 268. It will be noted therefrom that this Court's action up to that juncture, April 4, 1962, concluded with an order for transmittal of records of the case to the legislature with a recommendation to it of defendant's removal from office, but with retention by this Court, pending legislative action, within 30 days, on such recommendation, of jurisdiction to enjoin defendant from exercising the powers and duties of the office. Thereafter the house of representatives of the legislature rejected this Court's recommendation. Thereupon, this Court, on May 17, 1962, issued an injunction as above mentioned and on or about May 21, 1962, it was served on defendant.

On January 1, 1964, Michigan's new Constitution of 1963 became effective. It contained the following provision:

"The Supreme Court, the court of appeals, the circuit court, the probate court and other courts designated as such by the legislature shall be courts of record and each shall have a common seal. Jus-

tices and judges of courts of record must be persons who are licensed to practice law in this state." Art 6, § 19.

Section 7 of the schedule and temporary provisions of the Constitution of 1963 provided:

"Any judge of probate serving on the effective date of this Constitution may serve the remainder of the term and be eligible to succeed himself for election regardless of other provisions in this Constitution requiring him to be licensed to practice law in this State."

Defendant is not and at no time has been licensed to practice law in this State.

It must be noted that the exemption, contained in section 7 of the schedule, from the requirement that a judge of probate must be a person who is licensed to practice law in this State, is not therein specifically stated to apply to an incumbent probate judge, to one who is a probate judge or holds the office of probate judge nor to anyone during the term for which he was elected probate judge (the latter having been proposed in proposal No. 1596 at the constitutional convention*), but it is expressly stated to apply only to "any judge of probate *serving* on the effective date of this Constitution." "Serving" means discharging a function or duty, rendering a service.

Was defendant serving as judge of probate on January 1, 1964? Since May 21, 1962, by order of this Court, defendant had been under an inhibition from exercising the powers and duties of the office of judge of probate. He complied with the order, refrained from exercising or discharging said powers and duties, and rendered no service as probate judge. From that time on he was not serving as

---

* Mich Const Convention, 2 Delegate Proposals.—REPORTER.

judge of probate within the meaning of section 7 of the schedule and temporary provisions of the Michigan Constitution of 1963. In consequence, not being licensed to practice law in this State, he did not have the qualifications required by article 6, § 19, nor those of the exemption therefrom provided in section 7 of said schedule, to serve as judge of probate from and after January 1, 1964. The office thereupon became vacant.

Defendant contends that the May 17, 1962, injunctive order of this Court was and is unconstitutional. Violative of what provisions of the Michigan Constitution of 1908 then in effect? Defendant says that the order amounted to an attempted removal of him from office by this Court, that the Constitution of 1908 contained no authority therefor, and that article 6, § 25, Michigan Constitution of 1963, confers such removal power (as in article 9, § 6, Constitution of 1908) only on the governor on concurrent resolution of two-thirds of the members elected and serving in each house of the legislature. This Court's order did not remove from office the defendant who continued to draw his official pay. The order did, however, enjoin defendant from exercising the powers and duties of the office. This it was competent for this Court to do in the exercise of its powers of "general superintending control over all inferior courts", conferred by Michigan Constitution of 1908, art 7, § 4, for the purpose of protecting the purity of judicial processes and maintaining public confidence in the administration of justice. For powers of this Court in this connection, see *In re Huff*, 352 Mich 402, and *In re Graham, supra*.

Defendant says the order was violative of the Fourteenth Amendment due process clause of the Constitution of the United States. He does not spell out the respect in which it is such a violation. We perceive none.

Defendant urges that after the house of representatives declined to vote for defendant's removal, he was, in effect, acquitted of the charges of which he had been found guilty by this Court as expressed in its previous opinion. From this premise defendant reasons that this Court's subsequent injunctive order amounted to having placed him in jeopardy twice for the same offense, contrary to Michigan Constitution of 1908, art 2, § 14. Neither the proceedings in this Court nor those in the legislature were criminal. In *People* v. *Kenyon,* 93 Mich 19, it was held that a judgment in a civil suit for assault and battery, in favor of the defendant in a criminal prosecution, for the same trespass, is not a bar to such prosecution. Similarly, here, the failure of the legislature to vote a removal against defendant was no bar to the exercise of the injunctive powers as done by this Court, based on a finding of facts made by this Court prior to the legislature's consideration thereof.

Defendant has not been removed from office by the order of this Court. He has been restrained from serving as such. Defendant has been removed from the office automatically by operation of the noted provisions of the 1963 Constitution.

It is held that as of the effective date of the 1963 Constitution, on January 1, 1964, defendant was not serving as probate judge, that under that Constitution he did not have the qualifications for the office and that it thereupon became vacant.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, and O'HARA JJ., concurred.

ADAMS, J., took no part in the decision of this case.