CORPORATION COMMISSION A public trust which supplies natural gas, but which is excepted from the authority, jurisdiction or supervision of the Corporation Commission under 17 O.S. 160.1 [17-160.1] (1977), does not constitute a "public utility" or "utility" as contemplated by Subsection 8 of 17 O.S. 250 [17-250] (1977). The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Does a public trust which supplies natural gas, but which is excepted from the authority, jurisdiction or supervision of the Corporation Commission under 17 O.S. 160.1 [17-160.1] (1977), constitute a "public utility" or "utility" as contemplated by 17 O.S. 250 [17-250](8) (1977)? 17 O.S. 250 [17-250](8) (1977), enacted in 1977, defines, in its pertinent part the term "public utility" or "utility" as follows: " 'Public utility' or 'utility' means any individual, firm, association, partnership, corporation, or any combination thereof, other than a municipal corporation or their lessees, trustees and receivers, owning or operating for compensation in this state equipment or facilities for: "a. producing, generating, transmitting, distributing, selling, or furnishing electricity, or "b. transmitting, directly or indirectly, or distributing combustible hydrocarbon natural or synthetic natural gas for sale to the public or for wholesale, unless its wholesale rates are regulated by a federal agency; and ". . ." The above definition does not expressly mention public trusts. The reference to "their lessees, trustees, and receivers" appears to relate back to the wording "individual, firm, association, partnership, corporation." Prior to enactment of the above-provision, however, the Legislature in 1975 by the enactment of 17 O.S. 160.1 [17-160.1] (1977), gave the Corporation Commission rate-making authority, general jurisdiction and supervision over public trusts supplying natural gas, steam heat or steam, subject to certain exceptions. In 17 O.S. 160.1 [17-160.1](B), the Legislature made the following exceptions from such rate-making authority, jurisdiction and supervision: ". . . Provided nothing herein shall be construed to apply to a public trust whose Board of Trustees is composed of elected officials or is elected by the customers or a majority of which is composed of members selected by the governing bodies of municipalities in which the public trust operates, or members which it serves, and which Board of Trustees has the authority to establish and regulate its own rates." In reading the provisions of 17 O.S. 160.1 [17-160.1] together with of 17 O.S. 250 [17-250](8), it does not appear that the Legislature reasonably intended for the type of public trust referred to in your question to be subject to Commission authority relating to fuel adjustment clauses when no Commission authority, jurisdiction or supervision exists in the first instance over such trust's base rates. This, however, does not preclude the Commission's authority, jurisdiction or supervision over fuel adjustment clauses for those public trusts which are subject to the Commission's authority, jurisdiction or supervision under 17 O.S. 160.1 [17-160.1] (1977). It is, therefore, the opinion of the Attorney General that your question be answered as follows: A public trust which supplies natural gas, but which is excepted from the authority, jurisdiction or supervision of the Corporation Commission under 17 O.S. 160.1 [17-160.1] (1977), does not constitute a "public utility" or "utility" as contemplated by 17 O.S. 250 [17-250](8) (1977). (GERALD E. WEIS)