The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Would the operation of a steam plant by the Oklahoma Ordinance Works Authority for the sole purpose of producing steam to be used as a raw material in the manufacturing processes of unrelated industries located on or adjacent to property of the authority by contractual agreements come within the purview of 17 O.S. 160.1 [17-160.1] (1977)? 60 O.S. 164-165 [60-164-165] (1971) designates the Oklahoma Ordinance Works Authority as an agency of the State of Oklahoma and declares it to be in furtherance of a public function and vital to the public welfare of the people of Oklahoma. 17 O.S. 160.1 [17-160.1] (1977), wherein pertinent, states: "A. The Corporation Commission shall have rate-making authority and general jurisdiction over all supply systems of natural gas, steam heat and steam serving the general public notwithstanding operation thereof by a trust, authority, cooperative and subsidiary created for the benefit or furtherance of a public trust, unless the said body operating said system has financing or is in the process of financing the acquisition, improvement or extension of the said system with a loan from the United States of America and is a non-profit trust." Emphasis Added 17 O.S. 160.1 [17-160.1], supra, contains a specific exemption wherein a supply system has acquired financing by loan from the United States of America. If the Authority has previously acquired financing under such arrangement, it is not subject to regulation by the Corporation Commission. However, as such information was not furnished, the Attorney General has proceeded to answer your question hereinafter. Prior Attorney General Opinion No. 78-159 correctly analyzed 17 O.S. 160.1 [17-160.1], supra, as requiring two elements for Corporation Commission rate making and general jurisdiction to attach. First, there must be a supply system providing steam heat and/or steam. Second, the steam supply system must be "serving the general public." Opinion No. 78-159 correctly concluded that the first criteria had been met. The steam plant operated by the Authority is, without question, a steam supply system and otherwise an entirely proper subject for Corporation Commission regulation. The only remaining question is whether the supplying of steam through the system solely for use as a raw material in a manufacturing process is "serving the general public". To the extent prior Opinion No. 78-159 concludes the supplying of steam as a raw material for manufacture is not "serving the general public" within the meaning of 17 O.S. 160.1 [17-160.1], supra, it is in error and should be withdrawn. To fully consider the request, it is necessary to review the terms used in the statute. "Serving" means the discharging of a function or duty or rendering of a service. Ransford v. Graham, 374 Mich. 104,131 N.W.2d 201, 202 (1964). "General" means common to many or the greatest number, widely spread, prevalent, extensive, although not universal. Keon v. State, 35 Neb. 676,53 N.W. 595, 596, 597,17 L.R.A. 821 (1892). "Public" does not mean everybody all the time but the word must be interpreted in each case according to use and intent. Bennett's, Inc. v. Carpenter, 111 Colo. 63, 137 P.2d 780,781 (1943). The Supreme Court of Oklahoma in Hixon v. Snug Harbor Water and Gas Company, 381 P.2d 313, 320 (Okl. 1963) citing Shaffer Oil and Refining Co. v. Creek County Gas Co., 114 Okl. 258, 246 P. 630 (1926) and Southern Oil Corp. v. Yale National Gas Co., 89 Okl. 121, 214 P. 131
(1923) aff'd 266 U.S. 583, 45 S.Ct. 97, 69 L.Ed. 453
(1924) held: "It is equally well settled, however, that the regulatory powers of the commission can not be defeated by private contracts between the utility and the customer." (Emphasis added) It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The operation of a steam plant by the Oklahoma Ordinance Works Authority for the sole purpose of producing steam to be used as a raw material in the manufacturing processes of unrelated industries located on or adjacent to property of the Authority by contractual agreements come within the purview of 17 O.S. 160.1 [17-160.1] (1977). Opinion No. 78-159 is hereby overruled and withdrawn to the extent that it is in conflict with this opinion. (RICHARD F. BERGER) (ksg)