In re Complaint Concerning the Honorable John J. KIRBY, Municipal Court Judge, Ramsey County, State of Minnesota.

In re Complaint Concerning the Honorable Robert Crane WINTON, Jr., Judge of District Court, Hennepin County, State of Minnesota.

Nos. C8–83–1718, C8–83–150.

Supreme Court of Minnesota.

May 25, 1984.

John C. McNulty and Marcy S. Wallace, St. Paul, Peter Thompson, Joseph S. Friedberg, Minneapolis, for Honorable Robert Crane Winton, Jr.

Douglas W. Thomson and Deborah Ellis, St. Paul, for Honorable John J. Kirby.

Kelton Gage, Mankato, for Board on Judicial Standards on C8–83–150.

Theodore Collins, St. Paul, for Board on Judicial Standards on C8–83–1718.

Richard Slowes, Asst. Atty. Gen., St. Paul, for State of Minnesota.

## OPINION

PER CURIAM.

The above-entitled matter came before this court upon orders to show cause why each of the above named judges should not be suspended with pay pending final determination by this court upon recommendations by the Board on Judicial Standards (hereafter Board) that each judge should be removed from office. Minnesota Statute

490.16, subdivision 1 (1982) provides as follows:

> Subdivision 1. A judge is disqualified from acting as a judge, without loss of salary, while there is pending an indictment or any information charging him with a crime punishable as a felony under Minnesota or federal law, or a recommendation to the supreme court by the board on judicial standards for his removal or retirement.

Both judges have challenged the constitutionality of the statute if it is interpreted to provide automatic suspension with pay upon the filing of a recommendation for removal by the Board. They argue that Article VI, section 9 of the Minnesota Constitution requires a finding that a judge "is *guilty* of conduct prejudicial to the administration of justice" before removal or other discipline such as suspension can be imposed. (Emphasis added).

The disposition of these matters require a brief review of the constitutional, legislative, and judicial casemaking history dealing with the subject of removal from office of elected judicial officers. Prior to 1972 the only method of removing a constitutional judicial official from office (except justices of the peace, now abolished) was impeachment pursuant to the provisions of Article VIII of the Minnesota Constitution. Constitutional law and case history, however, had firmly established the principle that the judicial branch of government held all supervisory powers in the regulation of the judicial system of government, including all powers of discipline short of removal. Thus, prior to the existence of any other means of removing a judicial officer the Minnesota Supreme Court had the power to suspend with pay during the pendency of proceedings against a judge and to suspend the judge as discipline, but did not have the power to remove the judge from office.[1]

---

1. This court in *In Re McDonough,* 296 N.W.2d 648 (Minn.1979) held a hearing pursuant to an order to show cause why Judge McDonough should not be suspended in conformity with Minn.Stat. § 490.16(1) (1978). Attorneys for the judge, the board on judicial standards, and the attorney general of the State of Minnesota addressed the statute. The issues presented were whether the statute was self-executing in nature, whether the statute is an appropriate exercise of legislative authority, whether due process circumscribed the temporary disqualifi-

In 1972 the constitution was amended [2] so that Article VI, section 9 now provides as follows:

The legislature may provide by law for retirement of all judges and for the extension of the term of any judge who becomes eligible for retirement within three years after the expiration of the term for which he is selected. The legislature may also provide for the retirement, removal or other discipline of any judge who is disabled, incompetent or guilty of conduct prejudicial to the administration of justice.

The effect of the amendment to the constitution was to create a separate and distinct method for retirement, removal or other discipline of a judge who was disabled, incompetent or guilty of conduct prejudicial to the administration of justice. The adoption of this article did not remove from the constitution the impeachment powers of the legislature. Pursuant to the constitutional provisions the legislature adopted Minnesota Statute 490.15 and Minnesota Statute 490.16 which established the Board on Judicial Standards. Under Minnesota Statute 490.16 it is apparent that the board has the function of recommending to the Supreme Court all forms of discipline, including removal, but the power to remove is vested in the Supreme Court and not the Board. *See* Minn.Stat. § 490.16 (1982). The court is empowered to make rules to implement the section and has done so by adopting the ABA standards proposed in 1978. *See* Minn.Stat. 490.16, subd. 5 (1982).

Rule 7(a) of the Rules of the Board on Judicial Standards provides that the supreme court shall immediately suspend with pay and without a hearing any judge charged with a *felony*. [3] In promulgating Rule 7(a), this court made a policy decision that in felony matters the court would act sua sponte. When *misdemeanor* charges are filed against a judge the supreme court *may* suspend under Rule 7(b). However, no interim suspension order shall issue unless a hearing is held and grounds for such order are determined to exist. With regard to any other disciplinary proceeding "[i]nterim suspension with pay *may* be ordered by the supreme court" under Rule 7(d). Thus, in matters other than felony charges, the rules provide for the exercise of discretion by the supreme court with regard to whether interim suspension should be ordered in all other removal and other disciplinary proceedings.

An uncritical literal reading of the statute might seem to preclude exercise of discretion by this court upon the filing by the board of its recommendation for removal. We conclude that the legislature did not intend such a result. This court has always had an existing inherent power to discipline judges including the ability to suspend with pay upon the filing of the recommendation for removal. When we decided *In Re Greathouse*, 189 Minn. 51, 55, 248 N.W. 735, 737 (1933) this court declared as follows:

The judicial power of this court has its origin in the Constitution, but when the court came into existence, it came with inherent powers. Such power is the right to protect itself, to enable it to administer justice whether any previous

cation contemplated by the statute, and whether the judge was afforded the minimal requirements of due process. We did not decide those issues at that time because Judge McDonough on his own motion disqualified himself for the interim of the judicial disciplinary proceedings.

**2.** The language of the original 1972 amendment has subsequently changed, but, the substance of Article VI, section 9 of the Minnesota Constitution has remained the same since 1972.

**3.** Rule 7(a) of the Rules of the Board on Judicial Standards provides:

(a) Suspension for Felony. A judge shall be suspended with pay immediately by the supreme court without necessity of board action, upon the filing of an indictment or information charging him with a felony under state or federal law. Such suspension shall not preclude action by the board with respect to the conduct which was the basis for the felony charge, before or after a conviction, acquittal, or other disposition of the felony charge.

**348**

form of remedy has been granted or not. This same power authorizes the making of rules of practice.

*See In re Municipal Court of Cedar Rapids, Iowa*, 188 N.W.2d 354 (Iowa 1971) (censure); *In re Judges of Municipal Court of Cedar Rapids*, 256 Iowa 1135, 130 N.W.2d 553 (1964); *In Re DeSaulnier (No. 4)*, 360 Mass. 787, 808, 274 N.E.2d 454, 456 (1971); *Ransford v. Graham*, 374 Mich. 104, 131 N.W.2d 201 (1964); *In re Graham*, 366 Mich. 268, 114 N.W.2d 333 (1962) (suspension); *In re Assignment of Huff*, 352 Mich. 402, 91 N.W.2d 613 (1958) (contempt); *In re Mussman*, 112 N.H. 99, 289 A.2d 403 (1972); *Cincinnati Bar Assoc. v. Heitzler*, 32 Ohio St.2d 214, 220, 291 N.E.2d 477, 479 (1972); *In re Kading*, 70 Wis.2d 508, 517–18, 235 N.W.2d 409, 414 (1975); *State v. Cannon*, 199 Wis. 401, 402, 226 N.W. 385, 386 (1929).

In *Kading, supra,* the Wisconsin Supreme Court responded to the contention that removal or other discipline is exclusive under the state constitution as follows:

> These statements mean only that, when a judge is *removed,* he must be removed by the constitutional method. They do not say that sanctions short of removal are constitutionally defective. Also, in those jurisdictions where censure, contempt, and suspension have been employed as sanctions by the judiciary, there was a constitutional provision vesting in the legislature the power to remove judges. In spite of this, other supreme courts have held that they could impose these other sanctions short of outright removal. In each case, the supreme court involved based its decision upon its responsibility as a constitutionally charged superintendent and upon the proposition that it was unsound jurisprudence to refuse to exercise judicial power where there was an established need for it and no explicit constitutional barrier to its exercise.

70 Wis.2d 508, 235 N.W.2d 409, 414 (1975) (footnotes omitted).

 Several Minnesota cases have held that the power of suspension impliedly accompanies the power of removal. *See Martin v. Dodge County*, 146 Minn. 129, 132, 178 N.W. 167 (1920) ("Whether there shall be a suspension is within the wise discretion of the removing power * * *"); *Douglas v. Megaarden*, 85 Minn. 41, 46–47, 88 N.W. 412 (1901) ("we are of the opinion that in cases where guiltiness of the offense charged will involve a dismissal from office there is, on general principles, no arbitrary or improper exercise of a supervisory authority in a suspension of the accused pending his trial in due and proper form * * * * to give the power of removal practical effect, it must be left to executive discretion and judgment to direct a temporary suspension of the office."); *State v. Peterson*, 50 Minn. 239, 52 N.W. 655 (1892) ("we are very clear that the power of temporary suspension, as far as necessary and ancillary to the power to remove, is included in the latter."). Again, we point out that any suspension with pay determined by the court in any proceeding would be under its inherent power to discipline the judiciary. Only when it is asked to remove a judicial officer is the court functioning under the legislative directives established pursuant to the amendment to Minnesota Constitution as provided in Article VI, section 9. We recently upheld the constitutionality of the delegation to the supreme court of the power of removal of judicial officers pursuant to Minn.Stat. § 490.16, subd. 3 (1982). *See In Re Gillard*, 271 N.W.2d 785, 807 (Minn.1978).

 When Article VI, section 9 of the Minnesota Constitution was enacted it empowered the legislature to provide for an additional method of removing a judge from office. When the legislature as authorized by the constitution enacted Minn. Stat. §§ 490.15–.18 (1982) it delegated the power of removal to this court. In vesting the power of removal in this court, the legislature is presumed to be aware of our inherent discretionary power to suspend. Article VI, Section 9 and Minn.Stat. § 490.-16, subd. 1 were not intended to diminish this discretionary power. Minn.Stat. § 490.16, subd. 1 conferred the additional

power of removal on this court. To construe Minn.Stat. § 490.16, subd. 1 (1982) literally would impermissably encroach upon this court's inherent discretionary power to suspend a judge. Such a construction would in effect vest in the board on judicial standards the power to suspend when it has no power of removal and conflicts with the well-established principle that this court presumes the legislature does not intend an absurd result. *See Salmen v. City of St. Paul,* 281 N.W.2d 355, (Minn.1979); Minn.Stat. § 645.17(1). It is manifest that the legislature could not have intended to grant the board on judicial standards the power of suspension. The board's role is to recommend the disposition of judicial disciplinary cases to this court which then makes the ultimate and final decision.

 We exercise our power to discipline judges and may order interim suspension with pay upon the filing of the recommendation for removal, as in these cases, by issuing an order to show cause. This is consistent with our interpretation that the statute is not self-executing. Furthermore, these procedures are consistent with the overall statutory scheme established by the legislature which vests final removal authority in the court and not in the board. The court is not bound to accept the recommendation of the Board on Judicial Standards. Thus, the court is in a position on a case by case basis to determine by the nature and seriousness of the complaint against the particular judge the necessity for interim suspension with pay in order to protect the integrity of the judicial office pending final determination of the judicial discipline proceedings against the particular judge.

 In conclusion, we hold that Minnesota Statutes, section 490.16, subd. 1 (1982) does not preclude the exercise of discretion by this court in determining whether to suspend a judge recommended for removal by the Board on Judicial Standards.

With respect to respondent, Judge Winton, the issue of his suspension is moot as a result of our final disposition of his proceedings on the merits and the order to show cause is discharged.

With respect to respondent, Judge Kirby, we decline to suspend him pending disposition of the board's recommendations, and the order to show cause is discharged.