

# S T A T E   O F   M I C H I G A N

## SUPREME COURT

No. 143942

IN RE HON. SYLVIA A. JAMES
22nd DISTRICT COURT

BEFORE THE JUDICIAL TENURE COMMISSION

_____


### STATEMENTS OF THE JUSTICES DENYING THE MOTION FOR DISQUALIFICATION

### NOVEMBER 30, 2011

YOUNG, C.J.  Judge Sylvia James has moved for my disqualification in this Judicial Tenure Commission (JTC) matter.  As I am not personally biased for or against Judge James and see no other legitimate justification for my disqualification, I deny Judge James' motion.  I offer the following explanation for my declination.

The principal argument Judge James advances in opposition to my (indeed, to all seven Justices') participation in this JTC matter is that on April 13, 2011, this Court, exercising its powers of superintending control, took administrative control of the 22nd District Court and placed Judge James (its chief and only judge) on administrative leave. That action followed completion of an audit conducted by the Supreme Court Administrative Office (SCAO) that revealed irregularities in the district court's financial records and practices.[1]

As our order of April 13, 2011 plainly states, Judge James was placed on a paid *administrative* leave.  Thus, contrary to Judge James' assertion, the Court did not

---

[1] Even if the information contained in the SCAO audit were a proper basis for disqualification — which it is not — the SCAO audit results in this case were made public.  Thus, Judge James' claim that I and other members of the Court will be called as witnesses in her JTC proceeding is baseless because none of us have any unique or personal information about the claims and charges the JTC has leveled against her.

"suspend" her, nor did it exercise any powers listed in Const 1963, art 6, § 30 in placing her on administrative leave.[2] Rather, placing Judge James on a paid administrative leave was an exercise of the Court's superintending control powers, which arise under Const 1963, art 6, § 4.[3] The Court exercised its superintending control powers to protect the public and the integrity of the district court until such time that an assessment of the implications of the audit could be determined. Administrative leave is not a disciplinary action, nor is the Court's power to require a judge to take an administrative leave grounded in Const 1963, art 6, § 30.

This is an important distinction – and one that Judge James entirely fails to appreciate in making her motion to disqualify. The Supreme Court's responsibility is to ensure that the courts of this state are functioning properly, within the law, and according to the Court's rules. The administrative leave the Court ordered was in service of that responsibility.[4] The separate question as to whether Judge James committed any ethical breaches is, in

---

[2] Const 1963, art 6, § 30(2) provides that, "[o]n recommendation of the judicial tenure commission, the supreme court may censure, suspend with or without salary, retire or remove a judge for conviction of a felony, physical or mental disability which prevents the performance of judicial duties, misconduct in office, persistent failure to perform his duties, habitual intemperance or conduct that is clearly prejudicial to the administration of justice."

[3] Const 1963, art 6, § 4 provides that "[t]he supreme court shall have general superintending control over all courts…."

[4] *In re Hathaway*, 464 Mich 672, 684 n 8 (2001), we noted this very point in describing our responsibility under Const 1963, art 6, § 4:

> [I]ndependent of Const 1963, art 6, § 30, which the people of Michigan added to the constitution in 1968, this Court has general superintending control of all Michigan courts. Const 1963, art 6, § 4. This provision is a broad grant of constitutional authority to take necessary action, short of the outright removal of a judge. [Citations omitted.]

> Indeed, in *Ransford v Graham*, 374 Mich 104, 108 (1964), this Court indefinitely "enjoin[ed] [a judge] from exercising the powers and duties of the office" "in the exercise of its powers of 'general superintending control over all inferior courts,' conferred by Michigan Constitution of 1908, art 7, § 4 [now Const 1963, art 6, § 4], for the purpose of protecting the purity of judicial processes and maintaining public confidence in the administration of justice."

2

the first instance, a responsibility of the JTC to assess under Const 1963, art 6, § 30, and that is the process the JTC has begun in filing a complaint against Judge James.

For these reasons, I deny Judge James' motion to disqualify me.

CAVANAGH, J. In this Judicial Tenure Commission (JTC) proceeding, Judge Sylvia A. James moves for my disqualification based on allegations that my participation would violate MCR 2.003(C)(1)(a)(b)(c). Because I am not personally biased for or against Judge James, because there are no other grounds for my disqualification, and for the reasons set forth in the Chief Justice's statement responding to this same motion, I deny the motion.

MARILYN KELLY, J. In response to Judge Sylvia A. James' motion for my disqualification, I deny the request as there exists no basis for my recusal. I am not actually biased against Judge James, and I am able to judge the matter brought against her with an open mind.

MARKMAN, J. Judge Sylvia James has moved for my disqualification in this matter based on her allegations that my participation in placing her on administrative leave would violate MCR 2.003(C)(1)(a)(b)(c). Because I am not personally biased in this matter, because there are no other grounds for my disqualification, and for the reasons well set forth in the Chief Justice's statement responding to this same motion, I would deny the motion.

HATHAWAY, J. Judge Sylvia James has moved for my disqualification in this Judicial Tenure Commission matter. Judge James argues that I should disqualify myself based on this Court's order placing her on administrative leave. That action followed the completion of an audit conducted by the Supreme Court Administrative Office, and the audit results were made public. I am not personally biased against Judge James, and the mere fact that I voted to place Judge James on administrative leave does not raise an appearance of bias. See MCR 2.003. Additionally, I have formed no opinion on the allegations raised by Judge James regarding the manner in which her administrative leave was carried out or enforced. I expect that all allegations and responses will be fully and fairly addressed in the JTC investigation and any subsequent proceedings. Because I am not personally biased for or against Judge James and see no justification for my disqualification, I deny Judge James's motion.

MARY BETH KELLY, J. In this Judicial Tenure Commission (JTC) proceeding, Judge Sylvia A. James moves for my disqualification based on allegations that my participation would violate MCR 2.003(C)(1)(a)(b)(c). Because I am not personally biased for or against Judge James, because there are no other grounds for my disqualification, and for the reasons set forth in the Chief Justice's statement responding to this same motion, I deny the motion.

3

ZAHRA, J. In this Judicial Tenure Commission proceeding Judge Sylvia A. James has moved for my disqualification. Judge James has failed to substantiate any basis for my recusal. Because I have no actual bias for or against Judge James and there is no appearance of impropriety, nor do any other grounds exist for my disqualification, I deny Judge James' motion.